■ FRANK H. VASQUEZ, Respondent, v THOMAS O'BRIEN, Appellant. — Appeal (1) from that part of an order of the Supreme Court at Special Term (Cholakis, J.), entered January 26, 1981 in Saratoga County, which denied defendant's motion for summary judgment dismissing plaintiff's two slander causes of action, and (2) from the judgment entered thereon. Defendant operated two gasoline service stations in the Town of Waterford and performed towing services when requested by the town police. Plaintiff was the chief of police of the town. In 1978, a referendum appeared on the November ballot which, if passed, would have abolished the full-time office of chief of police and replaced it with the part-time position of public safety director. Plaintiff came out publicly against the local law. Defendant, in a radio broadcast on a local station, stated in substance that the chief of police had demanded gratuities for himself in exchange for continuing defendant on the list of tow truck operators used by the police department. In another statement broadcast on the radio, defendant also asserted that he was taken off the tow truck list after he commenced an action against the chief in Small Claims Court for an unpaid bill for work done by defendant's service station on plaintiff's personal car. These two statements formed the basis of the two slander causes of action contained in plaintiff's complaint. Special Term denied defendant's motion for summary judgment dismissing these causes of action and the instant appeal

ensued. The order of Special Term should be affirmed. The court correctly found that the words uttered on the radio were susceptible of a defamatory connotation, and that therefore the issue of their defamatory content must go to the jury. The court also properly found that plaintiff is a public figure, and that he set forth sufficient evidence of actual malice to require the submission of that issue to a jury. A defendant moving for summary judgment in a defamation action brought by a public figure must establish his defense by evidentiary proof in admissible form sufficient to warrant the court as a matter of law in directing judgment (see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Once the statements are shown to be per se defamatory, the public figure plaintiff is required only to submit evidence " 'which shows a genuine issue of material fact from which a reasonable jury *could find* actual malice with convincing clarity' " in order to defeat the motion for summary judgment *(Di Lorenzo v New York News,* 78 AD2d 669, 669-670, quoting *Nader v de Toledano,* 408 A2d 31, 49 [DC]). In addition, the rule requiring evidentiary proof in admissible form is applied more leniently with respect to the person opposing the summary judgment motion *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068, *supra).* In the instant action, the truth of the statements is hotly disputed by the parties but, other than their own denials and assertions, no other proof of the truth or falsity of the statements has been produced. If the speaker had reasons to doubt the truth of the statements, that may amount to actual malice. The content of the statements themselves and the context in which they arose may give rise to significant suggestions of possible falsity which should alert the speaker *(Di Lorenzo v New York News, supra).* The statement by defendant referring to a demand for gratuities in exchange for continuing him on the towing list could clearly be found to be defamatory since it implies that plaintiff engaged in illegal, dishonest or unethical conduct *(Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 381-382). Furthermore, enough evidence has been produced to raise an issue as to defendant's actual malice. Defendant asserts under oath that plaintiff sought free towing from the town tow truck operators at a certain meeting but never claims that plaintiff sought actual personal gain from the tow truck operators, even though that is what could be implied from his radio statements. This inaccurate or untrue use of language, in the intense political climate then prevailing, could certainly be found to be evidence of actual malice on the part of defendant. Moreover, defendant's failure to allege personal gain would permit a fact finder to conclude that he had reason to doubt the truth of his radio statements *(Di Lorenzo v New York News, supra).* Defendant's second assertion concerning his alleged removal from the towing list is also per se defamatory since it too implies that plaintiff engaged in illegal, dishonest or unethical conduct. However, in his supporting papers, defendant fails to allege any acts or statements by plaintiff which would connect the omission of defendant's name from the towing list with his attempt to collect the debt from plaintiff. Thus, in each cause of action there is evidence sufficient to raise issues of fact as to the truth of the statements and as to the existence of actual malice. Order and judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.