■ AVRAHAM SHARABY et al., Infants, by Their Mother and Natural Guardian, MALKA SHARABY, et al., Appellants, v LENA GAMEL et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated April 4, 1984, as denied their cross motion for leave to amend the complaint to include additional causes of action based upon alleged violations of Labor Law § 241 (7), (8).

Order affirmed, insofar as appealed from, without costs or disbursements.

Plaintiffs' cross motion for leave to amend their complaint to add causes of action based upon alleged violations of Labor Law § 241 (6) and the rules promulgated by the Board of Standards and Appeals as referred to in Labor Law § 241 (7), (8) was properly denied.

The infant plaintiffs and their parents were tenants of two

apartments in a building owned by defendant Lena Gamel, the infant plaintiffs' maternal grandmother. It is conceded by plaintiffs' counsel that while the two apartments were being converted into a single duplex apartment for their own use, the Sharaby family temporarily relocated to other premises. However, on September 17, 1982, although the renovation was not completed at that time, the family returned to the apartment for their own convenience. On the day of the family's return, the infant plaintiffs' mother placed an urn containing hot water on top of the dishwasher in one of the apartments. It is alleged that at about 11:30 P.M. that evening, the infant plaintiffs were injured when the dishwasher tipped over, causing the urn to tip over and spill the hot water contained therein, scalding the children. It is undisputed that work was not being done at the time of the alleged accident. Therefore, Special Term properly determined that Labor Law § 241 was not intended to protect the infant plaintiffs under the unusual factual circumstances of this case (cf. Celestine v City of New York, 86 AD2d 592, 593, affd 59 NY2d 938; Alver v Duarte, 80 AD2d 182).

We note that it was proper for Special Term to reach and pass upon the issue of the sufficiency of the proposed additional causes of action in determining the plaintiffs' cross motion for leave to amend the complaint (Sharapata v Town of Islip, 82 AD2d 350, 362, affd 56 NY2d 332; Andersen v University of Rochester, 91 AD2d 851, appeal dismissed 59 NY2d 968). Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.