■ LORETTA PECKMAN, Respondent, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Also Known as MONY, Appel-

lant.—Order and judgment, Supreme Court, New York County (Shorter, J.), entered June 9, and June 12, 1986, respectively, which granted the motion by plaintiff for summary judgment, directing payment of double indemnity life insurance benefits, and which denied the cross motion by defendant for summary judgment, dismissing the complaint and declaring the policy of insurance void *ab initio,* upon the ground of material misrepresentation, modified, on the law, the motion by plaintiff is denied, and, as modified, otherwise affirmed, without costs, with leave to either party to renew upon completion of discovery.

This is an action by plaintiff beneficiary to recover double indemnity death benefits under a life insurance policy issued by defendant the Mutual Life Insurance Company of New York (MONY) to her son, Alan Peckman, in the face amount of $100,000. On the application for the policy, Alan indicated that for the previous six years he had been self-employed in the occupation of "marketing". Within the contestable period of the policy, on or about August 5, 1981, a highway maintenance crew found Alan's body, in a steamer trunk, with a gunshot wound to the head. In its answer and counterclaim to the complaint, defendant asserted that Alan falsely misrepresented his occupation and fraudulently concealed that he had been unemployed since his employment as a seasonal lifeguard in 1979, and that this was material to the risk.

Plaintiff moved for summary judgment and defendant cross-moved for summary judgment. In support of its motion, defendant submitted the affidavit of its chief underwriter, Dennis Van Zandt. Van Zandt averred that had decedent truthfully answered the questions on the policy application he would have demonstrated that he was an unemployed emancipated adult, 30 years of age, with no visible means of support. He indicated that this was a risk factor defendant would have refused to take as a matter of course, since it suggested inability to pay "the substantial premiums assessed under the policy." In addition to the foregoing basis for declining to issue coverage, Van Zandt indicated that in the course of investigating the claim, defendant discovered that the insured had been the subject of a criminal investigation based upon his activities as a drug dealer. He noted that an investigation conducted by the New York City Police Department revealed that on the date of the application decedent had been involved in the illegal sale and distribution of drugs for several years. Van Zandt stated "with absolute underwriting certainty that if defendant had been aware of Mr. Peckman's involvement in

illegal activities, no policy of insurance would have been issued to him * * * our Underwriting Manual does not contain a specific written guideline to that effect but defendant's past practice has been to decline to issue any insurance to individuals who are involved or associated with any illegal conduct." Annexed as exhibits to the cross motion were, *inter alia,* decedent's record of employment with the New York City Department of Parks and two articles published in *Newsday,* one dated August 17, 1981, and another undated. The *Newsday* article related that, according to unidentified police sources, decedent ran a $1 million marihuana distribution ring and disappeared on the evening of January 22, 1981 while driving to Boston in his maroon Dodge van loaded with a cargo of 1,000 pounds of marihuana.

In the order which is the subject of the present appeal, Special Term granted the motion by plaintiff for summary judgment, and denied the cross motion by defendant, finding that the insured did not misrepresent his occupation, based upon the Webster's Dictionary definition of "marketing" as "the act or business of buying or selling in the market."

The issues presented are whether the insured falsely or fraudulently misrepresented the nature of his occupation, and, if so, whether the misrepresentation was material so that defendant is entitled to rescind the policy. It is fundamental that a party seeking summary judgment must tender evidentiary proof, in a form admissible at trial, sufficient to establish his cause of action or defense to warrant the court, as a matter of law, in directing judgment in his favor. *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067 [1979].) When a party has made a prima facie showing to entitle it to summary judgment, it is incumbent upon the opposing party to show, by evidentiary facts, that the defense is real and can be established at trial. *(Indig v Finkelstein,* 23 NY2d 728 [1968].) However, "the rule requiring evidentiary proof in admissible form is applied more leniently with respect to the person opposing the summary judgment motion". *(Vasquez v O'Brien,* 85 AD2d 791, 792 [3d Dept 1981], citing *Friends of Animals v Associated Fur Mfrs., supra,* at p 1068; *see, Rock v National Life Ins. Co.,* 257 App Div 1018 [3d Dept 1939] [whether insured in application for life insurance policy gave wrong answers to questions as to his occupation and as to whether and to what extent he was engaged in the manufacture and sale of liquor, and as to the condition of his health, was for the jury to determine].)

Plaintiff made a prima facie case in respect to the policy in

question, the insurer having admitted the material facts of coverage. In rebuttal and in support of its cross motion for summary judgment, based upon the defense that Alan misrepresented his occupation, defendant submitted the affidavit of its chief underwriter and the *Newsday* articles. The news articles, relating information obtained from unidentified police sources, are clearly hearsay in nature and inadmissible at trial. As such, these articles are insufficient to warrant summary judgment in favor of defendant. On the other hand, under the more flexible rule for the party opposing summary judgment, they sufficiently demonstrate the existence of triable issues of fact, precluding summary judgment in favor of plaintiff.

Nor does the affidavit of defendant's chief underwriter, Dennis Van Zandt, conclusively establish the materiality of the alleged misrepresentation of the insured's occupation. "Although materiality is ordinarily a question of fact, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine". *(Smirlock Realty Corp. v Title Guar. Co.,* 70 AD2d 455, 462 [2d Dept 1979], *mod on other grounds* 52 NY2d 179 [1981].) At first blush, Van Zandt's uncontroverted affidavit would seem to demonstrate that had the insured truthfully stated his alleged employment status, it would have revealed that he lacked any visible means of support, leading to further inquiry which would have revealed the true nature of his marketing activities. Thus, the insured would have been, without doubt, uninsurable both as an unacceptable risk and as a matter of public policy under defendant's alleged past practice. However, on this record, defendant's allegations present questions of fact mandating denial of summary judgment. Concur—Sandler, J. P., Sullivan, Carro, Rosenberger and Wallach, JJ.