■ DAVID G. CALLARI, Appellant, v PAUL PELLITIERI et al., Respondents and Third-Party Plaintiffs-Respondents. WORLD AUTO PARTS, INC., Third-Party Defendant-Respondent.—Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, an employee of World Auto Parts, Inc. (World), was injured when he fell from a warehouse loft. The building was owned by the five defendants and was leased to World. The five defendants were directors and shareholders of World, and defendants Pellitieri, Labenski and Gambino were also officers and employees. Plaintiff had been instructed to build a floor in the loft that would be adequate in size for storage of some 5,000 empty boxes. After three sections of flooring had been constructed, plaintiff was helping a coemployee store boxes when he fell from the loft into a barrel on the warehouse floor. No additional loft flooring has been constructed.

Plaintiff commenced an action against the owners predi-

cated upon common-law negligence and violations of sections 200, 240 and 241 of the Labor Law. Following joinder of issue, defendants moved for summary judgment claiming that construction had been completed at the time of the accident and that the defendants had surrendered all control of the premises to World. Plaintiff cross-moved for summary judgment as to liability. This appeal is from an order granting defendants' motion and denying the cross motion.

Plaintiff concedes that no cause of action exists against his coemployees (Pellitieri, Labenski and Gambino) for claimed violations of the Labor Law or negligence, and we agree that summary judgment was properly granted as to those defendants (see, Heritage v Van Patten, 59 NY2d 1017). We also agree that plaintiff failed to raise a bona fide factual issue supporting his claim that construction was in progress and that summary judgment was properly granted dismissing the claimed violations of sections 240 and 241 of the Labor Law. No liability arises under either section where the construction has been completed (see, Malczewski v Cannon Design, 125 AD2d 941; Jaroszewicz v Facilities Dev. Corp., 115 AD2d 159; Sharaby v Gamel, 113 AD2d 748). Plaintiff avers that after the accident he learned that there were enough boxes to require three more sections of flooring, but failed to indicate when or how he obtained the information or the basis for the conclusory assertion that three more sections would be required. One opposing summary judgment may proffer hearsay evidence, but such proof may not be the sole factual basis for denying summary judgment (Wertheimer v New York Prop. Ins. Underwriting Assn., 85 AD2d 540). We conclude that plaintiff has failed to raise a genuine factual issue regarding completion of construction.

The court erred, however, by dismissing the claims against defendants Sucher and Kleiner predicated on common-law negligence and a violation of section 200 of the Labor Law. The mere fact that premises have been leased does not absolve an owner from liability (Nagel v Metzger, 103 AD2d 1), and a conclusory assertion that the owners surrendered control is insufficient to negate the fact that they retained a right of control especially where it is also averred that the tenant had requested in the past that repairs or maintenance be performed. Moreover, two of the owners had actual knowledge of the dangerous condition in the loft and participated in the supervision of the project. Since it is claimed that defendants were partners in ownership of the property, factual issues exist regarding defendants' right to control the activity and

the imputation to defendants Sucher and Kleiner of actual or constructive knowledge of the dangerous condition *(see,* Partnership Law § 23; *Nagel v Metzger,* 103 AD2d 1, 9, *supra).*

Accordingly, we modify the order to deny the motion for summary judgment dismissing causes of action against defendants Sucher and Kleiner predicated on common-law negligence and a violation of section 200 of the Labor Law and in all other aspects, we affirm. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.