OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this proceeding to settle the administrator’s account, among the listed debts of decedent’s estate is that of a judgment in favor of one Elliott H. Press (Press) in the amount of $19,459.50. The judgment in question was one taken against *1002 the predeceased spouse of this decedent. It is asserted on behalf of the judgment creditor that the lien of that judgment attaches to and is enforceable as against a one-half undivided interest in real property located at 53 Clifton Street within the City of Rochester, New York, which is located in fee by the estate.
The matter is before this court on an agreed statement of facts entered into and signed by all of the attorneys for the parties and filed with the court. While a full and complete recounting of these uncontroverted factual matters is not appropriate, nevertheless an outline of those facts and particularly the chronology of events is helpful.
In 1966 Willie E. Jones and his wife, Millie Turner Jones, the decedent in this proceeding, took title to the real property at 53 Clifton Street, Rochester, New York. In 1979 the City of Rochester moved to foreclose its lien for nonpayment of taxes by filing a lis pendens. While the in rem tax foreclosure proceeding was pending, but before the city took title to the real property, a money judgment was duly entered and docketed against the spouse Willie E. Jones in favor of Press in the amount previously set forth.
On July 28, 1983, the city’s in rem foreclosure action resulted in a final judgment of foreclosure. As a result of that foreclosure action, a deed was duly executed, acknowledged and recorded placing the fee ownership of the property with the City of Rochester. On September 9, 1983, the former property owners Willie E. Jones and Millie Turner Jones, this decedent, entered into a written agreement with the City of Rochester which provided for the repurchase of the subject property from the city for a nominal purchase price. In connection therewith, the agreement of repurchase included a provision as follows: "(10) This conveyance is made on the express condition that prior to or simultaneously with the transfer of this property to the purchaser that the purchaser agrees to reinstate any claims, liens, taxes, mortgages, etc. that were extinguished by the City of Rochester’s in rem tax foreclosure proceedings.”
It is observed by the court at this juncture that it is customary practice by the City of Rochester in these matters to afford this type of repurchase arrangement to the previous homeowners.
In actuality Willie E. Jones and Millie Turner Jones never did take title to the real property pursuant to the aforesaid *1003 agreement because Willie E. Jones died a few days after the execution of the repurchase contract. His surviving spouse, this decedent Millie Turner Jones, died on December 15, 1983. Finally on May 15, 1984, the City of Rochester conveyed to Kenneth D. Jones, as administrator of the estate of Millie Turner Jones, the real property referred to pursuant to the agreement above described. The deed of conveyance made express reference to the repurchase contract language with respect to the reinstatement of previous claims, liens and mortgages, etc.
ISSUE PRESENTED
At issue is whether a lien of judgment entered against this decedent’s predeceased husband may be enforced as against this decedent estate’s fee interest in realty previously owned by the judgment debtor and this decedent (his wife) as tenants by the entirety. In the abstract and put another way, the issue presented is whether a lien of a judgment creditor against a deceased tenant by the entirety is a valid and enforceable lien as against the interest of a surviving tenant herself now deceased.
LAW
It is well established in this State that a surviving tenant in a tenancy by the entirety receives the fee interest in its entirety, free and clear of any debts, claims, liens or other encumbrances as against the deceased spouse. For a full and complete as well as historical treatment of the real property ownership described as a tenancy by the entirety attention is directed to V.R.W., Inc. v Klein (68 NY2d 560) and the opinion of Judge Titone (see also, Matter of Dickie, 55 Misc 2d 976; Finnegan v Humes, 163 Misc 840, mod 252 App Div 385). As is set forth in Klein (supra) specific rights arising from this unique form of coownership are the logical corollary of the legal fiction that husband and wife were but one person. Although that fiction and the related rule prohibiting married women from owning property have long since been discarded, the special status of spouses jointly holding property has been continued into modern real property law. Thus it is clear that while features of tenancy by the entirety are also characteristic of tenancies in common, the tenancy by the entirety is distinguished by the fact that it confers on the surviving spouse a right to absolute ownership of the property upon the *1004 other spouse’s death. (Matter of Goodrich v Village of Otego, 216 NY 112.)
Although Klein (supra) dealt with a mortgage lien, the same holding is applicable to a lien of judgment. Thus, "[i]f the grantor or mortgagor predeceases the spouse whose interest in the property has been retained, the grantee or mortgagee is left with no interest in the property at all.” (V.R.W., Inc. v Klein, supra, at 565.)
The court observes that the application of Klein (supra) and all of the attendant characteristics of tenancy by the entirety are not wholly applicable in this case owing to the intermediate foreclosure and ownership by the City of Rochester. It is the court’s view, however, that none of that intermediate activity, i.e., the foreclosure proceeding, the conveyance to the city as a result thereof, and the execution of the repurchase contract by the former owners, can operate to enlarge or enhance the judgment lien held by Press. Thus it must follow that while the foreclosure proceeding extinguished the Press judgment as a lien against the subject realty, which lien may or may not have been reinstated by the repurchase contract, the controlling factor is that it was the death of Willie Jones that permanently extinguished the Press judgment’s lien on the real estate owned by him as a tenant by the entirety with his wife Millie Turner Jones, this decedent. The Press judgment remained a lien against the realty for the purposes of satisfying a money judgment only during the lifetime of Willie E. Jones. Thus while the Press judgment as a lien against the subject property conceivably could have been reinstated as a result of the so-called "former owner purchase agreement” and subsequent reconveyance to those former owners, its reinstatement would have been only as against the entirety interest of Willie E. Jones and subject to its extinguishment upon his death. The repurchase contract referred to and its paragraph 10 did not enlarge or enhance or create a new lien.
The court determines that the estate of Millie Turner Jones who died subsequently to the death of her husband and which estate received the conveyance of title from the city pursuant to the so-called "former owner purchase agreement” received that title free of any lien from the Press judgment.