■ JOSEPHINE LA CAPRIA, Appellant, v ENRICO BONAZZA et al., Respondents.—In an action for partition and to determine claims of title to real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 31, 1989, which granted the defendants' motions for summary judgment, determined that the plaintiff had no interest, claim or estate in the subject parcel of property, and ordered that she immediately surrender the premises to the defendants.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motions are denied except that it is declared that the plaintiff's mother did not purchase an interest in the subject property in 1918, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

The plaintiff herein claims she inherited a two-thirds interest in property located at 90 Arthur Avenue in Richmond County from her mother Soccorsa Bonazza. She asserts in her complaint that her mother attained a one-third interest as an original purchaser of the property in 1918 and then attained another one-third interest by purchasing it from the plaintiff's uncle, Carmello La Capria, in 1949. It is uncontroverted that the plaintiff's grandmother and mother had the same name in 1918, to wit, Soccorsa Bonazza. Furthermore, the plaintiff admits she has no deed to the one-third interest she claims her mother purchased from Carmello La Capria in 1949.

Regarding the one-third interest allegedly acquired by the plaintiff's mother in the original 1918 deed, the affidavits of the defendants Maria La Capria, Antonio La Capria and

Soccorsa La Capria state that the Soccorsa Bonazza who first purchased the one-third interest in 90 Arthur Avenue was not the plaintiff's mother but her grandmother. In support of this contention, they submitted the will of Soccorsa Bonazza, who died in 1925, which specifically stated that her interest in 90 Arthur Avenue property was being devised to three of her children. The will was admitted to probate in 1926. In response, the plaintiff's affidavit asserted that on numerous occasions her mother told her that she was one of the original purchasers in 1918.

Where the moving party has demonstrated an entitlement to summary judgment, the party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so (see, *Zuckerman v City of New York,* 49 NY2d 557). As a general rule, evidence of hearsay statements cannot alone be used to defeat a motion for summary judgment (see, *Zuckerman v City of New York, supra; Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *Decker v County of Albany,* 117 AD2d 966; *Poluliah v Fidelity High Income Fund,* 102 AD2d 720). Although the rules regarding a party opposing summary judgment are to be flexible, a party failing to offer proof in admissible form must demonstrate an acceptable excuse for his or her failure to do so (see, *Zuckerman v City of New York, supra).* "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York, supra,* at 562).

In this case, the plaintiff's assertion that her mother told her that she owned the house is a bald allegation of unsubstantiated hearsay belied by the documentary evidence offered by the defendants. Hence, no triable factual issues are presented, as the plaintiff's assertions are insufficient to defeat summary judgment with regard to her contention that her mother was an original owner (see also, *Clifford v Black Clawson Co.,* 145 AD2d 808; *Callari v Pellitieri,* 130 AD2d 935; *Mihaly v Mahoney,* 126 AD2d 791; *Peckman v Mutual Life Ins. Co.,* 125 AD2d 244).

Regarding the plaintiff's assertion that her mother purchased a one-third interest in the subject property from Carmello La Capria in 1949, the Supreme Court erred in granting summary judgment in favor of the defendants. The failure to record a deed does not deprive a person of the opportunity to assert a claim of legal title to property (see, *Trenton Banking Co. v Duncan,* 86 NY 221; *Kraker v Roll,* 100 AD2d 424). A

lost deed may be established in order to prove title. However, it must be done by clear and certain evidence showing its contents and that the deed was properly executed with all the formalities required by law *(see, Edwards v Noyes,* 65 NY 125; *Sadow v Poskin Realty Corp.,* 63 Misc 2d 499). A review of this record reveals that the evidence offered by the plaintiff and the admissions by the defendants are sufficient to raise triable issues so as to preclude summary judgment, and the plaintiff should be given the opportunity to prove her claim to a one-third interest in the property in further proceedings. In this regard, we note that the evidence set forth by the plaintiff included a bill from an attorney regarding the purported conveyance to her mother, evidence that the taxable estate of Carmello La Capria did not include the 90 Arthur Avenue property, an affidavit of Antonio La Capria dated May 11, 1987, submitted in a Civil Court action, that "[a]nother unit of the premises was sold to Soccorsa Leone, my aunt", and admissions in the answer of certain defendants.

The Supreme Court also erred in finding that the plaintiff had no right to any interest in the subject property. The affidavits of the defendants concede that the plaintiff's mother had received an interest in the property as a result of the intestate death of her siblings who died unmarried, without issue, and who were predeceased by their parents. The defendants estimate that interest at approximately 5½%. Hence, even if the plaintiff's mother had never purchased any of the property in either 1918 or 1949, there is credible evidence that she possessed some interest in the subject property. The extent of the plaintiff's interest must be determined in further proceedings. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.