■ STEPHEN R. MASON, Individually and as Executor of BERNARD MASON, Deceased, et al., Respondents, v RHEA MASON, Appellant.—In an action for the partition of certain real property, the defendant appeals (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), dated March 1, 1989, which granted the plaintiffs' motion for summary judgment, and (2) from so much of an order of the same court, dated April 28, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 1, 1989 is dismissed, as that order was superseded by the order dated April 28, 1989, made upon reargument; and it is further,

Ordered that the order dated April 28, 1989 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

This is an action for the partition of certain real property owned by the defendant Rhea Mason and her late husband Bernard Mason. The plaintiffs are the children of the decedent's previous marriage and the beneficiaries of his estate. Prior to the marriage the defendant and the decedent executed an antenuptial agreement under which Bernard Mason relinquished all claims to the defendant's estate and which referred to an annexed schedule of property owned by the defendant. The schedule recited that the defendant owned a 50% interest in the property which is the subject of this action. The original deed to this property at the closing of title was made out to the defendant and the decedent as tenants by the entirety. Thereafter, the defendant and the decedent executed a correction deed to indicate that they owned the property as tenants in common.

We agree with the Supreme Court that the plaintiffs are entitled to summary judgment. The defendant's conclusory allegations of fraud with respect to the execution of the correction deed are refuted by the antenuptial agreement, the validity of which was not attacked in the defendant's pleadings. Accordingly, since the defendant failed to submit any evidentiary proof to raise a question of fact as to the plaintiffs' right to partition, summary judgment was properly awarded *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).* Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.