■ JACKIE BROCK et al., Appellants, v MILTON BROCK et al., Respondents. [681 NYS2d 559] —In an action to recover damages, *inter alia,* for waste and mismanagement, for an accounting and for partition of partnership real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), entered September 25, 1997, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting the motion as to the first and second causes of action and substituting therefor a provision denying the motion as to those causes of action; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The plaintiffs and the individual defendants are partners in the defendant Accurate Associates. In settlement of previous litigation, the plaintiffs executed releases, dated March 21, 1990, in which they agreed to waive any right they may have

had to cause a partition of the partnership property "for a period of 12½ years from the date" of the release. In addition, the plaintiffs waived any right to an accounting, and to any claim they may have had with respect to the operation of the partnership up to the date of the release. In 1994 the plaintiffs commenced the instant action against the defendants seeking, *inter alia*, an accounting, damages for the waste and mismanagement of the partnership property, and for partition of the partnership property. The defendants were granted summary judgment dismissing the complaint, and the plaintiffs appeal.

The plaintiffs correctly contend that the plain language of the releases does not bar their claims for an accounting as to the partnership affairs occurring after the date of the releases, and for damages as a result of waste and mismanagement accruing after the date of the releases. Accordingly, the defendants' motion for summary judgment should not have been granted with respect to those causes of action.

With respect to the plaintiffs' claim for partition of the property, however, the plain language of the releases clearly prohibit the plaintiffs from causing a partition of the partnership property for a period of 12½ years from the date of the releases, i.e., until September 2002. The plaintiffs challenge the validity of the releases, but it is well settled that stipulations of settlement are favored by the courts, and are not to be lightly cast aside (*see, Hallock v State of New York,* 64 NY2d 224, 230, citing *Matter of Galasso,* 35 NY2d 319, 321). The plaintiffs failed to offer any evidence to establish their claim that they were fraudulently induced into entering into the releases. Where, as here, allegations amount to no more than conclusory assertions, they will not be sufficient to defeat a motion for summary judgment (*see, Green v Darwish,* 171 AD2d 644; *Fidelity N. Y. v Hanover Cos.,* 148 AD2d 577; *Ihmels v Kahn,* 126 AD2d 701, 702). Therefore, the court properly granted the defendants' motion for summary judgment dismissing the plaintiffs' cause of action for partition.

The parties' remaining contentions lack merit. Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.