■ ELIZABETH WILBUR, Appellant, v PATRICIA WILBUR, Respondent. [699 NYS2d 103] —In an action for the partition and sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated April 1, 1998, as denied her motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and plaintiff's motion is granted.

The plaintiff, the sister of the defendant, commenced the instant action for the partition and sale of certain real property. The defendant received an undivided one-half interest in the property from their mother under the terms of the mother's will. In support of her motion for summary judgment, the plaintiff submitted the original 1968 deed to the property, which clearly established that she and the parties' mother had been tenants-in-common, and it is undisputed that there have been no alterations to the deed since the original purchase of the property. The court denied the motion for summary judgment, and we reverse.

It is well settled that a tenant-in-common of real property may maintain an action for the partition and for the sale of the property, if it appears that partition alone cannot be made

without great prejudice to the owners (*see,* RPAPL 901 [1]; *De-Risi v Santoro,* 262 AD2d 270; *Piccirillo v Friedman,* 244 AD2d 469; *Bufogle v Greek,* 152 AD2d 527; *Luvera v Luvera,* 119 AD2d 810). Where, as here, the moving party has established entitlement to summary judgment as a matter of law, the party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action (*see, LaCapria v Bonazza,* 153 AD2d 551, 552, citing *Zuckerman v City of New York,* 49 NY2d 557). Evidence of hearsay statements cannot alone be used to defeat a motion for summary judgment (*see, LaCapria v Bonazza, supra,* citing *Zuckerman v City of New York, supra; see also, Callari v Pellitieri,* 130 AD2d 935, 936). " '[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' " (*LaCapria v Bonazza, supra,* at 552; *Zuckerman v City of New York, supra; see also, Brock v Brock,* 256 AD2d 375; *Mason v Mason,* 154 AD2d 515; *Fanroth v Falkner,* 137 AD2d 581).

The defendant's deposition testimony that she was told by her mother that her mother considered herself to be the sole owner and that the mother always believed that the plaintiff would reconvey the interest in the subject property to her, constitutes unsubstantiated hearsay, which is belied by the documentary evidence. Hence, no triable factual issues are presented as the defendant's deposition testimony is insufficient to defeat summary judgment with regard to her contention that the plaintiff is not entitled to partition (*see, LaCapria v Bonazza,* 153 AD2d 551, 552, *supra; Mason v Mason,* 154 AD2d 515, *supra; Fanroth v Falkner,* 137 AD2d 581, *supra; see also, Van Lieu v Pellegrini,* 256 AD2d 573). Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.