■ OCTAVIA CORMACK et al., Respondents, v NAOMI BURKS, Appellant. [56 NYS3d 202]—

In an action to quiet title pursuant to RPAPL article 15, the defendant appeals from (1) an order of the Supreme Court, Kings County (King, J.), dated April 8, 2015, which granted the plaintiffs' motion for summary judgment declaring that they were vested with an absolute and unencumbered title in fee in the subject real property and striking the defendant's amended answer, and (2) a judgment of the same court dated April 23, 2015, which, upon the order, struck the defendant's amended answer, declared that the plaintiffs are vested with absolute and unencumbered title in fee to the subject real property and that the defendant and every person claiming under her are barred from all claims to an estate or interest in the subject real property, and awarded the plaintiffs costs and disbursements.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 8, 1972, a parcel of real property in Brooklyn (hereinafter the property) was conveyed by deed to Edwin W. Ramsay (hereinafter Edwin) and Bertha Ramsay (hereinafter Bertha), who were married at the time. Bertha died in May 2012, survived by Edwin, and her daughter, the defendant. Edwin conveyed the property to the plaintiffs in July 2012. The plaintiffs subsequently commenced this action pursuant to RPAPL article 15 to quiet title because the property was included as a testamentary asset in Surrogate's Court records relating to Bertha's will. The plaintiffs moved for summary judgment declaring that they were vested with an absolute and unencumbered title in fee in the property and striking the defendant's amended answer. By order dated April 8, 2015, the Supreme Court granted the plaintiff's motion for summary judgment. Thereafter, in a judgment dated April 23, 2015, the court struck the defendant's amended answer, declared that the plaintiffs are vested with an absolute and unencumbered title in fee in the property and that the defendant and every person claiming under her are barred from all claims to an estate or interest in the property, and awarded the plaintiffs costs and disbursements.

"A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common" (EPTL 6-2.2 [b]; *see Pattelli v Bell*, 187 Misc 2d 275, 277 [Sup Ct, Richmond County 2001]). "[A] surviving tenant in a tenancy by the entirety receives the fee interest in its entirety, free and clear of any debts, claims, liens or other encumbrances as against the deceased spouse" (*Matter of Jones*, 137 Misc 2d 1001, 1003 [Sur Ct, Monroe County 1987]). Here, the plaintiffs demonstrated, prima facie, that they were entitled to summary judgment. Their evidence, including Edwin and Bertha's 1968 marriage certificate and the 1972 deed, showed that Edwin and Bertha had a tenancy by the entirety in the property, as they were married at the time of the 1972 deed conveying the property to them and the deed did not "expressly declare[ ] [there] to be a joint tenancy or a tenancy in common" (EPTL 6-2.2 [b]). Thus, when Bertha died in 2012, Edwin, as the surviving spouse, "receive[d] the fee interest in its entirety, free and clear of any debts, claims, liens or other encumbrances as against" Bertha

(*Matter of Jones*, 137 Misc 2d at 1003). Edwin was thereafter free to convey the property to the plaintiffs, which he did.

In response to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact (*see Silva v FC Beekman Assoc., LLC*, 92 AD3d 754, 756 [2012]). Although she contends on appeal that she had personal knowledge, based on regular visits with Bertha, that Edwin and Bertha had agreed to retain separate ownership stakes in the property and that Edwin had defrauded Bertha by using an illegal straw man, she has not specified how she could have learned of the facts underlying her allegations other than through hearsay statements (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]; *Petrillo v Town of Hempstead*, 85 AD3d 996, 998 [2011]). As the defendant presented only unsubstantiated hearsay in opposition to the motion for summary judgment, she failed to raise a triable issue of fact (*see Wilbur v Wilbur*, 266 AD2d 535, 536 [1999]; *La Capria v Bonazza*, 153 AD2d 551, 552 [1989]; *see also Feinberg v Sanz*, 115 AD3d 705, 707 [2014]; *Mauskopf v 1528 Owners Corp.*, 102 AD3d 930, 931 [2013]; *Silva v FC Beekman Assoc., LLC*, 92 AD3d at 756; *Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]).

The defendant's remaining contentions are without merit. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.