■ VALMAR ENTERPRISES, Respondent, v CAROL A. RUTIGLIANO et al., Appellants.—In an action for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated October 14, 1986, which (1) denied their motion to disqualify the plaintiff's counsel, and (2) granted the plaintiff's cross motion to strike the defendants' answer.

Ordered that the order is affirmed, with costs.

The defendant Bet-Law Corp. entered into a contract for the sale of three properties in the Town of Babylon to the plaintiff. The contract was prepared by Abraham Russ, who is associated with the firm of attorneys representing the plaintiff. The plaintiff brought this action for specific performance of the contract after Bet-Law Corp. conveyed the properties to the defendant Rutigliano. Over a year after the action was commenced, the defendants moved to disqualify Abraham Russ as the plaintiff's attorney based on the allegations that (1) Russ had represented both Bet-Law Corp. and the plaintiff in the real estate transaction, and (2) Russ would have to be a witness at the trial. The plaintiff cross-moved for an order striking the defendants' answer due to their failure to comply with a court order of disclosure.

In disposing of the motion and cross motion, the Supreme Court granted the plaintiff's cross motion to strike defendants' answer on the ground that the defendants had willfully obstructed discovery proceedings. We agree with this determination.

In November 1985 the plaintiff served a notice to take the depositions of the defendant Rutigliano and of Al Hubley, the president of Bet-Law Corp. After initially obtaining an adjournment of the depositions, the defendants refused to appear. When the court ordered the parties' attorneys to appear with their clients at a pretrial conference in July 1986 the defendants did not comply.

Following the conference, the court issued a precalendar order which required Rutigliano and Hubley to appear at an examination before trial on August 4, 1986, and to respond to

a notice for discovery and inspection previously served by the plaintiff. Prior to the date set for the examination, the defendants' counsel informed the plaintiff that they would not appear and had chosen to accept the consequences of this action. The defendants also failed to respond to the notice for discovery and inspection. In response to the plaintiff's cross motion to strike the answer, the defendants did not deny that they had failed to comply with the disclosure order and offered no valid excuse for their failure to do so. Since the evidence clearly shows that the defendants' conduct was willful, the Supreme Court did not abuse its discretion in imposing the severe penalty of striking their answer (see, *Will v County of Nassau*, 90 AD2d 795; CPLR 3126 [3]; *see also, Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568).

In light of its decision to strike the answer, the Supreme Court denied as moot the defendants' motion to disqualify plaintiff's counsel. We agree that the defendants' motion should have been denied but for a different reason than that offered by the Supreme Court.

Initially, it should be noted the defendants' contentions with respect to plaintiff's attorney are not moot, since the defendants will be permitted to cross-examine witnesses and offer proof in mitigation of damages at the inquest (see, *Reynolds Sec. v Underwriters Bank & Trust Co., supra).* Turning to the merits of the defendants' motion, the record indicates that the defendants submitted an attorney's affirmation which stated that the "source and basis" of the allegations concerning Russ were "conversations with Al Hubley, President of Bet-Law Corp." However, no affidavit from Hubley was submitted in support of the motion. In contrast, the plaintiff opposed the motion by submitting (1) a letter dated March 12, 1985, from Hubley to the corporate plaintiff's president, indicating that Hubley understood that Russ had acted solely as the plaintiff's attorney, and (2) an affidavit from Russ in which he stated that he only represented the plaintiff during the real estate transaction and that he made his position clear to Hubley when the contract of sale was signed. Russ also stated in his affidavit that he advised Hubley to retain an attorney and told him that the seller's attorney normally prepared the contract. Finally, Russ stated in his affidavit that Hubley refused to retain an attorney and accordingly he, Russ, held the down payment in escrow and cleared a defect in the title to one of the properties. Under the circumstances attested to by Russ, without contradiction by the defendants, the defendants failed to meet their burden of proof on their allegation concerning

Russ's joint representation *(see, Saftler v Government Employees Ins. Co.,* 95 AD2d 54).

Similarly, the defendants failed to offer sufficient evidence to support their contention that the firm of attorneys representing the plaintiff should be disqualified because Russ might be called as a witness. DR 5-101 (B) and DR 5-102 of the Code of Professional Responsibility generally require a firm to withdraw if a lawyer in the firm may be called as a witness with respect to disputed facts *(see, People v Paperno,* 54 NY2d 294). The defendants contend that Russ will be called to testify with respect to their claim of fraud or mistake in the drafting of the contract. However, these allegations in the answer have been stricken, and the defendants have not offered any evidence that Russ will be a witness for either party at the inquest. In the absence of such evidence, the motion to disqualify Russ's firm on that ground must also be denied *(see, e.g., Masella v Leemilt's Flatbush Ave.,* 112 AD2d 1027; *Amrod v Doran,* 107 AD2d 575; *Jacobson v Van Rhyn,* 98 AD2d 764; *Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.