■ BONNIE SAGER, Respondent, v ANTHONY P. DERIGGI, Appellant.—In an action to recover damages for legal malpractice and breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered May 25, 1989, which denied his motion for summary judgment dismissing the plaintiff's first and second causes of action.

Ordered that the order is affirmed, with costs.

The instant action was commenced in 1987. The first cause of action in the complaint seeks to recover damages for legal malpractice. Specifically, the plaintiff alleges that the defendant, whom she retained in June 1982, provided her on August 2, 1982, with a copy of a lease which incorrectly reflected the date of May 31, 1986, as the final date by which she could, as a tenant, exercise an option to renew the lease. After the plaintiff failed to exercise the option by May 31, 1985, which was the correct deadline, the landlord had the plaintiff evicted. The damages requested by the plaintiff included, *inter alia*, those incurred for finding "a new location for her professional practice at a cost substantially higher than that which she was paying".

The defendant moved for summary judgment dismissing both causes of action in the complaint. With respect to the first cause of action, the defendant argued that it was time barred by a three-year Statute of Limitations *(see,* CPLR 214 [6]).

The Supreme Court was of the view that the three-year Statute of Limitations applied, but that an issue of fact

existed as to the issue of the defendant's "continuous representation", which would toll the Statute of Limitations.

Initially we note, contrary to the holding of the Supreme Court, that the plaintiff failed to meet her burden of establishing the "continuous nature" of the defendant's services *(see, Ciciless v Lane,* 129 AD2d 759). Nevertheless, the order appealed from must be affirmed.

It is now well settled that the six-year Statute of Limitations (CPLR 213 [2]) governs an action to recover damages to property or pecuniary interests where the obligations alleged to have been violated by the defendant, "whether verbalized as in tort for professional malpractice or as in contract for nonperformance of particular provisions of the contract, arose out of the contractual relationship of the parties" *(Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 396; *Video Corp. v Flatto Assocs.,* 58 NY2d 1026). Viewed within this perspective, the plaintiff's first cause of action falls within the six-year Statute of Limitations and is not time barred.

We have reviewed the defendant's remaining arguments and find them to be without merit (CPLR 3013, 213 [2]; *Richard L. v Armon,* 144 AD2d 1, 3). Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.