■ HOWARD GOLUB et al., Appellants, v BAER, MARKS & UPHAM, Respondent.—In an action to recover damages for breach of contract and professional malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered August 18, 1989, which granted the defendant's motion to dismiss the amended complaint, with prejudice, on the ground that the causes of action asserted therein were barred by the Statute of Limitations, and denied the plaintiffs' cross motion for a protective order and sanctions as academic.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the amended complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the plaintiffs' cross motion.

The plaintiffs commenced this action against the defendant law firm, alleging that the legal services provided in connection with the purchase of a mortgage in 1984 and the purchase and sale of the assets of a defunct plumbing supply business in 1985 were not performed in accordance with proper practice. The action was originally commenced in January 1988 and an amended complaint naming additional plaintiffs was served with the court's permission in January 1989. The court subsequently granted the defendant's motion to dismiss the amended complaint as barred by the three-year Statute of Limitations for claims sounding in professional malpractice (see, CPLR 214 [6]).

We reverse and reinstate the amended complaint. Where the action is to recover damages to pecuniary interests and arises out of the contractual relationship of the parties, the six-year Statute of Limitations (see, CPLR 213) applies, even though the allegations in the complaint are phrased in terms of professional malpractice (see, Video Corp. v Flatto Assocs., 58 NY2d 1026; Sager v DeRiggi, 161 AD2d 571). As we stated in Luk Lamellen U. Kupplungbau GmbH v Lerner (166 AD2d 505): "[a]n attorney's breach of his implied duty to use reasonable care in exercising his professional skill can serve as a basis for liability in contract to the extent that the plaintiff seeks recovery for damages to property or pecuniary interests" (Luk Lamellen U. Kupplungbau GmbH v Lerner, supra, at 506). Since the events at issue here occurred within the six-year Statute of Limitations period, the action is not time-barred.

Furthermore, we find that the plaintiffs' causes of action sounding in tort for professional malpractice would not be barred by the three-year Statute of Limitations. For Statute of Limitations purposes, the amended complaint relates back to the original complaint served in January 1988 since no new causes of action were added, and the newly joined plaintiffs were closely related to the original plaintiffs (see, Key Intl. Mfg. v Morse/Diesel, Inc., 142 AD2d 448; CPLR 203 [e]). The plaintiffs' first cause of action concerning their purchase of the plumbing supply business in February 1985 accrued less than three years prior to the commencement of the action. Although the plaintiffs' second cause of action is based on the purchase of a mortgage in 1984, the doctrine of continuous representation tolled the Statute of Limitations until mid-1987, as evidenced by an invoice from the defendant to the plaintiffs for legal services performed in connection with this mortgage (see, Stampfel v Eckhardt, 143 AD2d 184; cf., Muller v Sturman, 79 AD2d 482).

The matter is remitted to the Supreme Court, Nassau County, for determination of the plaintiffs' cross motion. Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.