■ MIGUEL PADILLA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated July 11, 1990, which denied its cross motion for leave to amend its answer to assert the affirmative defense of release and for summary judgment, and which ordered the matter restored to the trial calendar.

Ordered that the order is modified, by deleting the provision thereof denying that branch of the defendant's motion which was for leave to amend its answer to assert the affirmative defense of release and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the defendant's time to serve an amended answer is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiff commenced this action to recover damages for personal injuries following an accident that occurred when he fell from a subway platform onto the tracks and was run over by a train. The plaintiff's left foot was amputated as a result of the accident. The plaintiff hired an attorney, Jerome L. Spiegelman, to commence an action against the defendant New York City Transit Authority (hereinafter the Transit Authority) in his behalf. On May 20, 1985, Spiegelman settled the plaintiff's action for the sum of $75,000. The record contains a general release form allegedly signed by the plaintiff in connection with the settlement, and two checks from the Transit Authority totaling the settlement sum of $75,000, which allegedly bear the plaintiff's indorsement.

Spiegelman cashed the settlement checks, without giving any of the money to the plaintiff or telling the plaintiff that he had settled the case. He was subsequently incarcerated and disbarred after being convicted of stealing other clients' funds.

After the May 1985 settlement there was no further activity in the case until February 27, 1987, when the plaintiff's present counsel, the firm of Wiesen, Gurfein, and Jenkins, moved to be substituted as the attorney of record in place of Spiegelman. The Transit Authority continued with discovery proceedings. However, at a court conference on September 8, 1989, the Transit Authority produced the canceled checks and the release allegedly bearing the plaintiff's signature. The plaintiff asserted that he had never discussed settlement with Spiegelman, did not authorize him to settle the case, and had never signed a release form or indorsed any checks from the Transit Authority. The Transit Authority then represented to the court that it would move to amend its answer to assert the affirmative defense of release.

On March 28, 1990, the plaintiff moved to preclude the Transit Authority from raising any affirmative defenses not previously pleaded. The Transit Authority, in April 1990, cross-moved for leave to amend its answer to assert the

affirmative defense of release, and for summary judgment dismissing the complaint. The Supreme Court denied the cross motion, and denied the motion as academic.

It is well settled that leave to amend or supplement pleadings should be freely granted, unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice and surprise directly results from the delay in seeking the amendment *(see,* CPLR 3025 [b]; *McCasky, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Nissenbaum v Ferrazzoli,* 171 AD2d 654).

Although the Transit Authority continued to litigate the case in 1987 by participating in discovery proceedings, and did not move to amend its answer to assert the defense of release until April 1990, we find that this delay did not cause undue prejudice to the plaintiff. Although the plaintiff argues that he was prejudiced by the Transit Authority's delay in moving to amend its answer until after the Statute of Limitations expired on his legal malpractice claim against his former attorney, we note that in actions to recover damages for malpractice (other than medical, dental, or podiatric) where the action seeks to recover damages to property or pecuniary interests which arose out of the contractual relationship between the parties, the applicable Statute of Limitations is six years *(Santulli v Englert, Reilly & McHugh,* 78 NY2d 700; *Golub v Baer, Marks & Upham,* 172 AD2d 489; *Sager v DeRiggi,* 161 AD2d 571; *Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505).

Thus, although the Transit Authority delayed in moving to amend its answer until April 1990, the plaintiff still had until 1991 to commence a legal malpractice action against his former attorney. Therefore, the plaintiff's claim that he was prejudiced because the Transit Authority's delay caused the expiration of the Statute of Limitations for his action to recover damages for legal malpractice is without merit.

Although the Transit Authority may assert the affirmative defense of release by amending its answer, the Supreme Court's decision denying summary judgment to it based upon this defense was proper. " 'To obtain summary judgment it is necessary that the movant establish his cause of action or defense "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form' " *(Zuckerman v City of New York,* 49 NY2d 557, 562). To defeat a motion for summary judgment the opposing party

must "show facts sufficient to require a trial of any issue of fact".

Here, the plaintiff submitted an affidavit stating that he never authorized his former attorney to settle his case, and that he never signed the release form. The Transit Authority did not counter this with any proof that the plaintiff had signed the release or that he authorized his attorney to settle the case. Since the Transit Authority failed to establish that no triable issue of fact existed as to the validity of the release, summary judgment may not be granted to it on the basis of this defense. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.