■ BANK AUDI (USA), Respondent, v RICHARD BLITZ et al., Appellants, et al., Defendants. [607 NYS2d 26] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 15, 1992, which, *inter alia,* upon an order of the same court, entered the same date, granting plaintiff's motion to confirm the Referee's report of sale, awarded a deficiency judgment in favor of plaintiff and against defendants-appellants unanimously affirmed. Order of the same court, entered June 9, 1992, which, *inter alia,* denied defendants-appellants' motion to reargue or renew the prior order of the same court, entered September 20, 1991, denying their motion to vacate prior orders of the Supreme Court, entered April 3, 1989, May 19, 1989 and February 22, 1990 (Kenneth Shorter, J.), granting plaintiff summary judgment of foreclosure and sale, is deemed to have granted renewal, and, upon renewal, to have adhered to the order entered September 20, 1991 and, so considered, unanimously affirmed, with costs. Appeal from the order entered September 20, 1991, unanimously dismissed as subsumed in the appeal from the order entered June 9, 1992, granting renewal, without costs.

The facts adduced by defendants on their motion to renew do not warrant vacatur of the prior orders granting plaintiff summary judgment. Whereas defendants' claim that Blitz's signature on the instruments pertaining to the 56th Street apartment was forged is supported by little more than his conclusory assertions that he was not present at the closing and did not sign the documents at issue, plaintiff came forward with the sworn affidavits of witnesses, including Blitz's own counsel and the notary who attested to his signature on the documents, confirming his presence at the closing. The telephone records offered by defendants indicating that two calls were placed to Blitz's Connecticut home in the mid-afternoon of the day of the closing do not establish Blitz's presence in Connecticut at the exact hour of the closing in Manhattan, nor does the fact that a title report was dated the next business day following the closing refute Blitz's execution of the closing documents. We have reviewed defendants' re-

maining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.