■ Douglas L. Eggleson, Jr., et al., Respondents, v Trustees of General Electric Pension Trust, Appellant, et al., Defendants. [656 NYS2d 565] —Carpinello, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 5, 1996 in St. Lawrence County, which denied a motion by defendant Trustees of General Electric Pension Trust for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action against defendants alleging that defendant Trustees of General Electric Pension Trust (hereinafter defendant) breached a contract for the sale of a three-story commercial structure located in the City of Ogdensburg, St. Lawrence County. Plaintiffs allege that defendant failed to convey the property to them despite the existence of a valid purchase/sale agreement and instead conveyed it to defendant R.J.R.J. Development, Inc. Plaintiffs seek specific performance of the contract or, in the alternative, damages in the amount of $150,000.

The contract was prepared by Stephen Lumbard, owner of defendant Segar Real Estate, Inc. It purports to bear the signature of "Steve Burton", who was defendant's senior real estate analyst involved in the sale of the property. As an affirmative defense to the action, defendant denies that it entered into such contract with plaintiffs and specifically denies that Burton ever signed the contract or authorized anyone else to sign his name. It is on this ground that defendant moved for summary judgment.

The causes of action against defendant rest solely on the existence of an alleged real estate contract between the parties. Under General Obligations Law § 5-703 (2), a contract for the sale of real property must be in writing and *subscribed* by the parties. In this case, the signature of defendant's representative on the real estate contract has been directly placed in issue. Defendant's contention that Burton did not sign the contract or authorize anyone to sign it was raised in its answer (*cf., Spilky v Bernard H. La Lone, Jr., P. C.*, 227 AD2d 741; *Seaboard Sur. Co. v Nigro Bros.*, 222 AD2d 574). In support of summary judgment, defendant submitted, *inter alia*, an affidavit from Burton in which he unequivocally states that "[he] did not have authority to sign, nor did [he] sign, nor did [he] authorize anyone else to sign, [his] name to any real estate contracts with the plaintiffs". Incidentally, the signature contained on the affidavit is "Steven D. Burton" and this Court's casual comparison between it and the signature of "Steve Burton" on the contract reveals significant discrepancies. In our view, defendant met its burden of tendering sufficient evidentiary proof

in support of summary judgment by denying the validity of the signature. The issue of Burton's authority to bind defendant is a "red herring", which need not be resolved if the signature itself is proved to be a forgery.

Plaintiffs submitted no evidence to counter defendant's affidavit that Burton neither signed the contract nor authorized anyone else to sign his name (*compare, Padilla v New York City Tr. Auth.*, 184 AD2d 760, 763). Plaintiffs did not come forward with a sworn affidavit of any individual who witnessed Burton sign the contract (*cf., Bank Audi v Blitz*, 201 AD2d 257). Notably, transcripts of examinations before trial establish that neither plaintiffs nor Lumbard saw Burton sign the contract. Moreover, despite clear knowledge of defendant's defense of forgery, plaintiffs made no effort to request samples of Burton's handwriting or exemplars of his signature pursuant to CPLR 3101—which defendant would presumably possess as his former employer—for analysis by a handwriting expert in an attempt to prove that the signature in question was his (*see, Great Am. Ins. Co. v Giardino*, 71 AD2d 836; *see also*, CPLR 4536). Nor have plaintiffs alleged that an authorized agent, such as Lumbard, signed Burton's name to the contract.

Because plaintiffs failed "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), defendant is entitled to summary judgment (*see, e.g., Cippitelli Bros. Towing & Collision v Rosenfeld*, 171 AD2d 637, 638).

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Trustees of General Electric Pension Trust and complaint dismissed against it.