■ BERNARD OUZIEL et al., Respondents-Appellants, v DAVID BARAM, Appellant-Respondent. [759 NYS2d 373] —In an action to recover payment due on certain guarantees, the defendant appeals from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated March 4, 2002, which, after a nonjury trial, is in favor of each plaintiff and against him in the principal sum of $80,000, and the plaintiffs cross-appeal, on the ground of inadequacy, from so much of the same judgment as, upon declining to enforce certain guarantees, is in their favor and against the defendant in the principal sum of only $160,000.

Ordered that the cross appeal of the plaintiff Ratzon Kochavi is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

The determination of a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusion could not have been reached under any fair interpretation of the evidence (*see Binns v Billhimer,* 271 AD2d 562, 563 [2000]). The evidence adduced at the trial supported the Supreme Court's finding that the defendant personally guaranteed the payment of $80,000 to each of the plaintiffs in the event of the failure of their business venture.

The Supreme Court was authorized as factfinder to make a

determination as to the genuineness of the defendant's signature on the guarantees, and it determined, inter alia, that the defendant's signature on the first guarantee was genuine and binding and that his signature on the third guarantee appeared to be forged (*see* CPLR 4536; *People v Hunter,* 34 NY2d 432, 435-36 [1974]; *People v Hoffman,* 111 AD2d 411 [1985]). Notwithstanding that the defendant failed to plead forgery as an affirmative defense, he was properly permitted to offer evidence as to the genuineness of the signatures (*see Eggleson v Trustees of General Elec. Pension Trust,* 238 AD2d 871, 872 [1997]; *Seaboard Sur. Co. v Nigro Bros.,* 222 AD2d 574 [1995]; *Bank Audi v Blitz,* 201 AD2d 257 [1994]). Santucci, J.P., Smith, McGinity and Schmidt, JJ., concur.