■ FERESHTA POUROOSHASB, Respondent, v SASAN POUROOSHASB, Appellant. [771 NYS2d 366]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from a judgment of the Supreme Court, Queens County (Dorsa, J.), dated September 11, 2002, which, inter alia, awarded the plaintiff custody of the parties' son, child support, and arrears in maintenance and child support, (2), as limited by his brief, from so much of an order of the same court dated December 23, 2002, as, upon granting his motion for leave to reargue that branch of the plaintiff's motion which was, in effect, to disqualify Daniel P. Smulewicz as the defendant's attorney of record, which was granted in a prior order of the same court dated November 5, 2002, adhered to the original determination, and (3), as limited by his brief, from so much of an order of the same court dated July 11, 2003, as denied that branch of his motion which was for the appointment of a therapist for the parties' son for the purpose of conducting joint therapy sessions with him and the parties' son.

Ordered that the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated December 23, 2002, is reversed insofar as appealed from, on the law, without costs or disbursements, and upon reargument, so much of the order dated November 5, 2002, as granted that branch of the plaintiff's motion which was, in effect, to disqualify Daniel P. Smulewicz as the defendant's attorney of record is vacated, that branch of the motion is denied, and Daniel P. Smulewicz is reinstated as the defendant's attorney of record; and it is further,

Ordered that the order dated July 11, 2003, is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, that branch of the defendant's motion which was for the appointment of a therapist is granted, and the matter is remitted to the Supreme Court, Queens County, to appoint a therapist, with all convenient speed.

A fair interpretation of the evidence supports the trial court's factual findings (*see Ouziel v Baram,* 305 AD2d 564 [2003]; *Nicastro v Park,* 113 AD2d 129, 134-135 [1985]). The trial court excluded the admission of certain documents from another case in which the parties' siblings were involved. Determinations as to the relevancy of evidence are generally left to the sound discretion of the trial court (*see Price v New York City Hous. Auth.,* 92 NY2d 553, 560 [1998]; *Radosh v Shipstad,* 20 NY2d 504, 508 [1967]). On this record, it cannot be said that the trial court improvidently exercised its discretion in excluding those documents.

Nor did the trial court improvidently exercise its discretion in failing to recuse itself from the case (*see Matter of Malinda V.,* 221 AD2d 549 [1995]). The trial court did not unduly interfere with the presentation of the defendant's case or indicate any partiality or bias which would warrant reversal (*see Bielicki v T.J. Bentey, Inc.,* 267 AD2d 266, 267 [1999]). Moreover, the defendant failed to demonstrate that the trial court's ultimate decisions were based upon any animus or bias.

However, the trial court, upon reargument, improperly adhered to its original determination granting that branch of the plaintiff's motion which was, in effect, to disqualify Daniel P. Smulewicz as the defendant's attorney of record and failed to reinstate him as attorney of record (*see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 69 NY2d 437, 445-446 [1987]; *Valmar Enters. v Rutigliano,* 134 AD2d 250, 252 [1987]). The trial court also improvidently denied that branch of the defendant's motion which was to appoint a therapist for the parties' son for the purpose of conducting joint therapy sessions with the defendant and the son, given that the parties were unable to obtain the services of the therapist originally agreed upon pursuant to a stipulation dated November 15, 2002.

The defendant's remaining contentions are without merit. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.