■ SCOT M. LANEY, Respondent, v JAMES N. SIEWERT, Appellant, et al., Defendants. [810 NYS2d 436]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 17, 2005, which, in an action for partition and fraud, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law and the facts, to dismiss the cause of action for fraud, and otherwise affirmed, without costs.

The parties took title to the shares allocated to the subject apartment in 1985 as tenants in common. While defendant's evidence that he paid virtually all of the apartment's purchase price and carrying costs is sufficient to rebut the presumption that the parties are entitled to an equal number of shares on partition (cf. Estate of Menon v Menon, 303 AD2d 622, 623 [2003]; McVicker v Sarma, 163 AD2d 721, 722 [1990]), such evidence does not resolve what, if anything, plaintiff's share should be. That issue is not amenable to summary judgment

treatment, requiring as it does consideration of the various equities (*see Ranninger v Pevsner*, 306 AD2d 20 [2003], citing, inter alia, *McVicker*), including the nature of the parties' relationship and whether, as plaintiff claims, defendant intended his disparate contributions to be a gift (*see Rettig v Holler*, 1 Misc 3d 904[A], 2003 NY Slip Op 51501[U] [Sup Ct, NY County 2003]). The cause of action for fraud is dismissed on consent of plaintiff's attorney at oral argument. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.