■ Muriel McGuire, Appellant, v Ruth McGuire, Respondent, et al., Defendants. [939 NYS2d 572]—

In an action, inter alia, for a judgment declaring the parties' respective rights and interests in and to a certain cooperative apartment, the plaintiff appeals, by permission, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered December 15, 2010, as, after a nonjury trial, and upon the defendant's payment of the sum of $28,879.95 to the plaintiff, determined that the defendant Ruth McGuire is the sole owner of the shares of stock in the defendant Stewart Heights Corp. referable to the cooperative apartment, and directed the defendant Stewart Heights Corp. to cancel the certificate of shares and proprietary lease referable to the cooperative apartment that it issued in the name of "Ruth McGuire and Muriel McGuire."

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant Ruth McGuire is the sole owner of the shares of stock in the defendant Stewart Heights Corp. referable to the subject cooperative apartment.

This action concerns the claims of two sisters, Muriel McGuire (hereinafter the plaintiff) and Ruth McGuire (hereinafter the defendant), in connection with the 1983 purchase of shares of stock in residential cooperative housing corporation Stewart Heights Corp. (hereinafter the coop corporation) referable to an apartment. The contract for the purchase of the shares identifies only the defendant as the purchaser, and one version of the coop corporation's certificate of shares designates only the defendant as a shareholder. However, the plaintiff also signed the contract for the purchase of the shares, and her name is on the loan documents. An earlier version of the certificate of shares, as well as the proprietary lease issued by the coop corporation, were issued in the names of Ruth McGuire and Muriel McGuire, as tenants-in-common (see EPTL 6-2.2 [a]). While the plaintiff claimed that the parties intended the shares to be owned by both of them, and that the plaintiff contributed to the purchase price, made loan payments, and paid off the mortgage loan that financed the purchase of the shares, the defendant argued that the shares are her sole property, and that the plaintiff's contributions were either loans which the defendant repaid to the plaintiff, or gifts from the plaintiff to the defendant. After a nonjury trial, the defendant was awarded sole ownership of the shares, upon her payment to the plaintiff of an amount reflecting the down payment on the purchase price of the shares,

certain sums representing the repayment of loans, and the cost of installing a new floor in the apartment.

"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of witnesses" (*D'Argenio v Ashland Bldg., LLC*, 78 AD3d 758, 758 [2010]; *see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Conflicting testimony by parties poses a question of credibility to be resolved by the trial court as the trier of fact (*see Ouziel v Baram*, 305 AD2d 564, 564-565 [2003]; *Fuegel v Fuegel*, 271 AD2d 404, 405 [2000]; *French v French*, 262 AD2d 280 [1999]).

While there is a presumption that tenants-in-common share equally in their common tenancy, such a presumption may be rebutted if the facts show that they hold the tenancy in unequal shares. A court acting in equity may take into account the amounts invested in the property by the respective tenants in determining the shares to which they are entitled (*see Lang v Lang*, 270 AD2d 463, 464 [2000]; *Moran v Thomas*, 280 App Div 1037 [1952]; *Perrin v Harrington*, 146 App Div 292, 296 [1911]). In making this determination, the court must consider the various equities, including the nature of the parties' relationship, and whether any or all of these contributions were repaid or intended to be a gift (*see Manganiello v Lipman*, 74 AD3d 667, 668-669 [2010]; *Laney v Siewert*, 26 AD3d 194, 194-195 [2006]; *Estate of Menon v Menon*, 303 AD2d 622, 623 [2003]; *McVicker v Sarma*, 163 AD2d 721, 722 [1990]).

The Supreme Court, as fact-finder, properly assessed the conflicting testimony of the witnesses in determining that the plaintiff established that certain expenses were not gifts and had not been repaid (*see generally Ouziel v Baram*, 305 AD2d at 564-565; *Fuegel v Fuegel*, 271 AD2d at 405). Nonetheless, the determination of the Supreme Court that the plaintiff must be reimbursed for these expenses was warranted by the facts, and was not inconsistent with its finding that the defendant was the sole owner of the shares, but a reflection of differing nature of the parties' contributions (*see Laney v Siewert*, 26 AD3d at 194-195).

Contrary to the plaintiff's contention, certain comments or inquiries by the Supreme Court were not improper, but were an attempt to clarify the testimony and facilitate the progress of

the trial (*see People v Yut Wai Tom*, 53 NY2d 44, 56-57 [1981]; *Matter of Cadle v Hill*, 23 AD3d 652, 653 [2005]; *Pourooshasb v Pourooshasb*, 4 AD3d 404, 405 [2004]; *Bielicki v T.J. Bentey, Inc.*, 267 AD2d 266, 267 [1999]).

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is the sole owner of the shares of stock in the coop corporation referable to the subject apartment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.