■ TASHENA AMPRATWUM, Appellant, v FAUSTINA APPIAH, Respondent. [4 NYS3d 178]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 22, 2013, which, to the extent appealed from as limited by the brief, determined that plaintiff, as administrator of the estate of her husband, was entitled to judgment in an amount equal to his interest in a certain property, and appointed a referee to ascertain and report on the value of said interest, and order, same court and Justice,

entered on or about April 26, 2013, which, to the extent appealed from as limited by the brief, confirmed the referee's report, awarded plaintiff, as administrator, a judgment in the amount of $4,000, unanimously affirmed, without costs.

"While there is a presumption that tenants-in-common share equally in their common tenancy, such a presumption may be rebutted if the facts show that they hold the tenancy in unequal shares. A court acting in equity may take into account the amounts invested in the property by the respective tenants in determining the shares to which they are entitled" (*McGuire v McGuire*, 93 AD3d 701, 703 [2d Dept 2012], *lv denied* 19 NY3d 808 [2012]). Here, the court properly considered defendant's undisputed testimony that she alone contributed all of the funds utilized to purchase and maintain the property, and that she resided in the home since its purchase. Defendant further testified that her son, plaintiff's husband, never resided in the home and that his name was put on the deed solely for defendant's convenience.

Pro se plaintiff failed to articulate or provide evidence that the deceased contributed to the purchase or maintenance of the property, that the valuation placed on the property by the referee was in error or that the estate that she represented was entitled to a greater percentage of its value. The court properly found that defendant's alleged failure to disclose at the inquest that the property was in foreclosure was not relevant to an assessment of the value of the estate's interest in the property.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Manzanet-Daniels, Gische and Clark, JJ.