Xiao Yan Chen v Maimonides Med. Ctr. (2018 NY Slip Op 02359)





Xiao Yan Chen v Maimonides Med. Ctr.


2018 NY Slip Op 02359


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-03286
 (Index No. 5065/10)

[*1]Xiao Yan Chen, et al., appellants, 
v
Maimonides Medical Center, et al., respondents, et al., defendant.


Ginsberg & Wolf, P.C., New York, NY (Robert M. Ginsberg of counsel), for appellants.
Vaslas, Lepowsky, Hauss & Danke, LLP, Staten Island, NY (Neil F. Schreffler of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Michelle Weston, J.), entered February 27, 2015, which, upon a jury verdict, is in favor of the defendants Maimonides Medical Center and Lim H. Tse and against them dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On October 12, 2009, the plaintiff Xiao Yan Chen consulted with the defendant Lim H. Tse, a physician, to determine whether she was pregnant. Tse confirmed that Chen was six weeks and six days pregnant and performed a transvaginal ultrasound, which revealed that there was no fetus in Chen's uterus. During her examination, Tse felt a right adnexal fullness. Fearing that Chen had an ectopic pregnancy (that is, a pregnancy in which the embryo attaches outside of the uterus), Tse referred Chen to the emergency room of the defendant Maimonides Medical Center (hereinafter Maimonides).
After Chen arrived at Maimonides, another ultrasound was performed. The ultrasound showed no visible intrauterine pregnancy, but it did show a cystic structure in the area of the right fallopian tube and ovary. Chen underwent laparoscopy, but an ectopic pregnancy was not seen in the fallopian tube.
On October 13, 2009, Tse and another doctor recommended that Chen receive an injection of Methotrexate, since there was still a concern that the pregnancy was ectopic. Later that day, Chen agreed to have the injection.
During a follow up visit on October 17, 2009, a transvaginal ultrasound showed a very small, empty gestational sac in Chen's uterus. On October 22, 2009, Chen underwent a dilation and curettage at Beth Israel Medical Center.
Thereafter, Chen and her husband, suing derivatively, commenced this action against, among others, Tse and Maimonides (hereinafter together the defendants), alleging that they misdiagnosed Chen with an ectopic pregnancy and administered Methotrexate, which aborted the [*2]pregnancy. The action against a third defendant was discontinued by stipulation dated May 24, 2011.
After a trial, the jury found that neither Maimonides nor Tse departed from accepted standards of medical care by recommending the administration of Methotrexate. Judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint, and the plaintiffs appeal, arguing that they were deprived of a fair trial based on the conduct of the trial court.
Contrary to the plaintiffs' contention, the trial court's conduct in reprimanding the plaintiffs' attorney and holding him in contempt for his behavior during trial did not demonstrate bias against counsel (see Hoey v Rawlings, 51 AD3d 868, 868-869). Furthermore, the court did not unduly interfere with the presentation of the case or indicate any partiality or bias (see Bielicki v T.J. Bentey, Inc., 267 AD2d 266, 267; Givens v Sinert, 243 AD2d 443, 443-444). A trial court has broad authority to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings, and admonish counsel and witnesses when necessary (see Campbell v Rogers & Wells, 218 AD2d 576, 579). Here, the contested comments and rulings by the court were precipitated by the unprofessional, boorish, and, at times contemptuous conduct of the plaintiffs' attorney (see Hoey v Rawlings, 51 AD3d at 869), were an appropriate attempt to clarify the testimony and facilitate the progress of the trial (see McGuire v McGuire, 93 AD3d 701, 703-704; Bielicki v T.J. Bentey, Inc., 267 AD2d at 267), or occurred outside the presence of the jury. Thus, the comments and rulings either did not prejudice the plaintiffs' case (see Givens v Sinert, 243 AD2d at 444) or were not sufficiently prejudicial or pervasive to deprive the plaintiffs of a fair trial (see Coque v Wildflower Estates Devs., Inc., 58 AD3d 44, 56).
The plaintiffs' remaining contentions are without merit.
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court