■ MATTHEW J. FERGUSON et al., Respondents, v KATHLEEN B. McLOUGHLIN, Appellant.—Interlocutory judgment of Supreme Court, New York County (Myriam B. Altman, J.), entered June 4, 1991, which directed partition of the property at issue by sale at auction, and order of the same court and Judge, entered July 16, 1991, which, upon reargument, adhered to the prior ruling, affirmed, without costs.

In this contest between tenants in common, plaintiffs and defendant each owning a one-half interest in a five-story building in the Chelsea district of Manhattan, we agree that Supreme Court properly directed partition and sale thereof pursuant to RPAPL article 9, and that, contrary to the dissent, no relevant issues remain to be resolved at a hearing.

"It is well settled that, as a general principle, one who holds an interest in real property as a tenant in common may seek physical partition of the property, or, a partition and sale thereof unless it appears that physical partition alone would greatly prejudice the owners of the premises" (Bufogle v Greek, 152 AD2d 527, 528, citing RPAPL 901 [1]). While it is true that the statutory right of partition is not absolute and may be precluded by the equities presented in a given case (see, Barol v Barol, 95 AD2d 942; Ripp v Ripp, 38 AD2d 65, affd 32 NY2d 755), no such circumstances are present here. That defendant, a co-owner of the property, is independently operating a bar as tenant of the ground floor without paying any rent therefor under her lease, and is similarly in default in her rent for the apartment she occupies, as well as in her

obligation toward the carrying charges of the property, may well explain her desire to maintain the status quo; but equity will not further that aim.

Defendant strenuously argues her preference for a physical partition rather than a public auction pursuant to RPAPL 915, but we conclude, as a matter of law, that physical partition of this property, in the language of the statute, "cannot be made without great prejudice to the owners". It is undisputed that this five-story building is situated on a small parcel of land 18 feet 11 inches wide and 62 feet 6 inches deep. The building has one address, one Consolidated Edison electrical and gas service main, one sewer service, one roof, one basement, one fire escape, one main water supply, one real estate tax liability, one common hallway, one stairway, one boiler and heating system, one hot water tank, one liability insurance policy and one fire and casualty insurance policy. A lateral or vertical bisection of this realty would destroy its marketability and render it virtually inalienable. We do not think defendant is pursuing this outcome in good faith, and accordingly hold that there is more than ample support for the statutory remedy adopted by the motion court. Concur—Sullivan, J. P., Milonas and Wallach, JJ.

Kupferman and Smith, JJ., dissent in a memorandum by Smith, J., as follows: The motion court directed a sale of the property without a hearing at which the parties could advance their contentions. For this reason, I dissent and would remand for a hearing.

This is an action for a judicial partition of property known as 932 8th Avenue in New York County brought pursuant to RPAPL article 9. Plaintiffs and defendant are owners of the property as tenants in common. It appears that plaintiffs' sons occupy three apartments in the premises while defendant occupies the other apartment and operates a bar on the premises.

The motion court, in an interlocutory judgment, directed a sale of the property. Defendant contends, *inter alia,* that said judgment, made without a hearing, violates her right to due process under the State and Federal Constitutions.

RPAPL 915 reads as follows: "The interlocutory judgment shall determine the right, share or interest of each party in the property, as far as the same has been ascertained. Where the property or any part thereof is so circumstanced that a partition thereof cannot be made *without great prejudice to the owners,* the interlocutory judgment, except as otherwise

expressly prescribed in this article, shall direct that the property or the part so circumstanced be sold at public auction. Otherwise, an interlocutory judgment in favor of the plaintiff shall direct that partition be made between the parties according to their respective rights, shares and interests and shall designate three reputable and disinterested freeholders as commissioners to make the partition so directed." (Emphasis supplied.)

Here, there has been no showing that partition cannot be made without great prejudice to the owners. Moreover, defendant has disputed the plaintiffs' allegation of an impasse over the operation and control of the premises.

"In partition actions, an interlocutory judgment is entered in the first instance, authorizing certain proceedings which terminate in a final judgment. The application for the interlocutory judgment is made after the trial of the issues." (24 NY Jur 2d, Cotenancy and Partition, § 205.) Here, the plaintiffs' motion for summary judgment is a request for an interlocutory judgment. Defendant is entitled to a hearing.