■ JOHN A. PICCIRILLO, Respondent, v MARVIN FRIEDMAN, Appellant. [664 NYS2d 104] —In an action pursuant to RPAPL 901 to partition real property, the defendant appeals from an order of the Supreme Court, Queens County (Price, J.), dated December 9, 1996, which granted the plaintiff's motion to confirm the Referee's report directing a sale of the property and awarding the parties a one-half share of the net proceeds of the sale.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

One who holds an interest in real property as a tenant-in-common may maintain an action for partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners (*see,* RPAPL 901 [1]; *Bufogle v Greek,* 152 AD2d 527). In the order appointing the Referee, the Supreme Court directed the Referee to determine whether the premises at issue was "so circumstanced" as to require a sale. However, the Referee's report clearly indicated that he was under the erroneous impression that the Supreme Court had already determined that the premises should be sold. Since the defendant was entitled to a determination as to

whether a partition could not be made without great prejudice (*see,* RPAPL 901 [1]), the order confirming the award must be reversed and the matter remitted for such a determination. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.