■ HELEN E. DEITZ, Respondent, v BURR V. DEITZ, JR., Appellant. [664 NYS2d 868] —Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered August 20, 1996 in Albany County, upon a decision of the court in favor of plaintiff.

Soon after their marriage in 1953, plaintiff and defendant purchased real property in Albany County as tenants by the entirety. After plaintiff moved out of the marital residence, a separation agreement was entered into whereby the parties agreed that, in the event of a divorce or the eventual sale of said property, they would share the net proceeds thereof. The agreement further provided that "[t]he first option to purchase said property shall be given to either party * * * desiring to exercise such right". Although defendant has remained in the marital residence since the parties' separation, during which time he has converted a portion thereof into an income-producing apartment, the agreement did not grant either party exclusive use or possession of the premises. The parties ultimately divorced in December 1979 and, as a result, their tenancy by the entirety was converted into a tenancy in common (*see, Busa v Busa*, 196 AD2d 267, 270), giving each party an undivided one-half interest in the property.

In December 1987, plaintiff commenced this action for partition or, alternatively, the sale of said property and the division of the proceeds according to the parties' respective rights and interests. In addition, plaintiff requested that defendant be required to account to her for all of the rents and proceeds obtained by him as well as the necessary expenses incurred in the maintenance and ownership of that property. Although de-

fendant was initially represented by counsel, he proceeded to trial *pro se*. After a nonjury trial, Supreme Court determined that the premises were incapable of being partitioned and, accordingly, directed the parties to retain a real estate broker, specified by the court, to immediately place the premises on the open market for sale. The court further directed that if the premises were not sold within 60 days, a Referee would be appointed for the purpose of completing partition procedures. Finally, the court determined that defendant had a duty to account to plaintiff for all the rents and profits he received from the date of the divorce to the present time with credits given for one half of all payments he made on the mortgage, property and school taxes, and water and sewer rents.

Defendant now contends, as he did throughout the trial, that all he wants is to purchase plaintiff's one-half interest in the property as was provided in the separation agreement. Nothing in Supreme Court's order, however, precludes defendant from exercising this right which was provided in the separation agreement, as long as the parties can agree on a price. Defendant's bankruptcy, which he filed prior to the trial of this action, made it unlikely that he would have the money to purchase plaintiff's interest and, therefore, Supreme Court's failure to order such sale to him was not in error. Defendant's reliance on a judgment in a malpractice lawsuit for the necessary funds was unavailing as the damages had yet to be determined.

Furthermore, as defendant admitted that he received rents from the property he occupied as a tenant in common, Supreme Court properly ordered an accounting of those moneys. Although a partition action is statutory (RPAPL art 9), it is equitable in nature and, therefore, an accounting is a necessary incident thereof (*see, Worthing v Cossar*, 93 AD2d 515, 517; *Rosen v Rosen*, 78 AD2d 911, 912). Moreover, in a partition action, the court may adjust the rights of the parties where one party obtains more than his or her proper share of rents or profits derived from the property (*see, Wawrzusin v Wawrzusin*, 212 AD2d 779).

We finally reject defendant's contention that he was not afforded the opportunity to secure substitute counsel by the time of trial. As early as May 12, 1995 defendant indicated that he was not currently represented and, therefore, he had at least two months within which to obtain counsel. We have examined defendant's remaining contentions and find them lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.