■ ROSEMARY C. DeRISI, Respondent, v MATTHEW A. SANTORO et al., Appellants, et al., Defendants. [691 NYS2d 111] —In an action for the partition and sale of real property, the defendants Matthew A. Santoro and Concetta Russo-Alesi appeal from (1) an order of the Supreme Court, Queens County

(Kitzes, J.), dated March 11, 1998, which denied their motion to vacate their default in opposing the plaintiff's motion for summary judgment on the complaint, and (2) an order and judgment (one paper) of the same court, also dated March 11, 1998, which, *inter alia*, directed the sale of the property and an accounting of any rents collected.

Ordered that the appeal from the order dated March 11, 1998 is dismissed; and it is further,

Ordered that the order and judgment dated March 11, 1998, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (*see,* CPLR 5501 [a] [1]).

A party attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious defense (*see, Roussodimou v Zafiriadis,* 238 AD2d 568; *Putney v Pearlman,* 203 AD2d 333). The appellants have failed to satisfy this standard.

It is well settled that one who holds an interest in property as a tenant-in-common may maintain an action for the partition of the property, and to sell the property, if it appears that a partition cannot be made without great prejudice to the owners (*see,* RPAPL 901 [1]; *Piccirillo v Friedman,* 244 AD2d 469). The appellants have not denied that the requisite conditions for the maintenance of an action for partition exist in this case.

Further, the appellants' purported reliance on alleged settlement negotiations in connection with the lawsuit does not constitute a reasonable excuse for their failure to oppose the plaintiff's motion for summary judgment (*see, Flora Co. v Ingilis,* 233 AD2d 418). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.