■ SHELDON STERN, Appellant, v REGINA STERN, Respondent. [697 NYS2d 72] —In a matrimonial action in which the parties were divorced by a judgment dated September 18, 1987, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (LeVine, J.), dated April 9, 1998, which, *inter alia,* denied those branches of his cross motion which were to allow him to purchase the defendant's interest in the former marital home, to direct the defendant to return to the plaintiff his separate property located at the former marital residence, for a hearing to determine the amount of rental profits collected by the defendant from the rental of the former marital residence, and for an attorney's fee.

Ordered that the order is modified, by deleting the provisions thereof denying those branches of the plaintiff's cross motion which were to allow him to purchase the defendant's interest in the former marital home, to direct the defendant to return to the plaintiff his separate property located at the former marital residence, for a hearing to determine the amount of rental profits collected by the defendant from the rental of the former marital residence, and for an attorney's fee and substituting therefor provisions granting those branches of the cross motion to the extent that (1) a hearing is directed (a) to determine which party, if any, is entitled to purchase the former marital residence, and (b) to allow the plaintiff to introduce evidence of the present fair market value thereof, (2) the defendant is directed to allow the plaintiff access to the former marital residence to pick up his separate property located therein, (3) the plaintiff is awarded an attorney's fee pursuant to Domestic Relations Law § 237 (c) and/or § 238, and a hearing shall be held to determine the amount of such fee, and (4) a hearing is directed to determine the amount of rental profits

collected by the defendant from third parties from May 6, 1997, to the date of the sale of the former marital residence, and the plaintiff's share thereof; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Under the circumstances herein, there should be a hearing to determine (1) the fair market value of the former marital residence and which party, if any, is entitled to purchase the same, (2) the amount of an attorney's fee to which the plaintiff is entitled (Domestic Relations Law § 237 [c]; § 238; *see, Price v Price,* 115 AD2d 530), and (3) the amount of rental profits collected by the defendant from the rental of the former marital residence to third parties from the date of the prior hearing on the same issue, to wit, May 6, 1997, until the sale of the residence, and the plaintiff's share thereof (*see, Deitz v Deitz,* 245 AD2d 638).

In addition, the defendant is directed to allow the plaintiff access to the former marital residence to pick up his separate property.

The plaintiff's remaining contentions are without merit. Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.