■ THEODPREPHIER THOMAS, Respondent, v HORACE SAMUEL, Appellant. [835 NYS2d 655]—

In an action to compel the sale of certain real property pursuant to the terms of a judgment dated December 9, 1991, by which the plaintiff's decedent and the defendant were divorced, which was commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), entered June 22, 2005, which, upon a decision of same court dated December 23, 2004, granted the plaintiff's motion for summary judgment in lieu of complaint compelling him to sell the real property, and is in favor of the plaintiff and against him compelling him to sell the real property.

Ordered that the order and judgment is affirmed, with costs.

The administrator of the decedent's estate (hereinafter the administrator) commenced this action, by motion for summary judgment in lieu of complaint, to compel the sale of the former marital residence of the decedent and the defendant in accordance with the terms of their prior divorce judgment. The Supreme Court granted the administrator's motion for summary judgment in lieu of complaint compelling the defendant to sell the residence, and directed the sale of the residence. We affirm.

The administrator made a prima facie showing of entitlement to summary judgment compelling the sale of the residence based upon the judgment of divorce dated December 9, 1991, which provided that the decedent "shall have the sole and exclusive use and possession of the marital residence . . . until the issue of the marriage has attained the age of 18 years when the premises should be sold and one-half of the proceeds being paid over to the [decedent]." Because the administrator also established that the issue of the marriage attained the age of 18 years on January 25, 2000, he demonstrated his prima facie entitlement to judgment, as a matter of law, directing that the marital residence be sold in accordance with the divorce judgment.

In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Contrary to the defendant's contention, since the divorce judgment altered the ownership of the marital residence from a tenancy by the entirety to a tenancy in common (*see V.R.W., Inc. v Klein,* 68 NY2d 560, 566 [1986]), the Supreme Court had the authority to direct the sale of the residence (*see Kahn v Kahn,* 43 NY2d 203, 209 [1977]; *cf. Adamo v Adamo,* 18 AD3d 407 [2005]).

The defendant's remaining contention is without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.