■ CAROL EHRGOTT, Appellant, v DANIEL F. BUZERAK, Respondent. [857 NYS2d 574]—

The parties were married in 1974. While married, they purchased the former marital home located in Croton Falls and took ownership as tenants by the entirety. On or about November 6, 1998 a judgment of divorce was entered in an action commenced by the plaintiff. The judgment stated, inter alia, "that the parties . . . have no marital property to be disposed of equitably pursuant to Domestic Relations Law 236B (5)." The defendant continued to reside in, and maintain, the former marital home.

In 2005 the plaintiff commenced this action pursuant to RPAPL article 9 for the partition of the subject property. The defendant, acknowledging that, "under the circumstances [,] the plaintiff still has an ownership interest in the premises," moved, in effect, for a judgment declaring the respective rights of the parties to the property. The plaintiff cross-moved for summary judgment. Upon searching the record on the plaintiff's cross motion, the Supreme Court awarded summary judgment to the defendant dismissing the complaint. The court concluded that the plaintiff's claim to the subject property was both collaterally and judicially estopped. We reverse.

Absent any disposition of the property, the judgment of divorce simply converted the parties' tenancy by the entirety in the property to a tenancy in common (*see Goldman v Goldman*, 95 NY2d 120, 122 [2000]; *Thomas v Samuel*, 40 AD3d 744, 745 [2007]). It did not otherwise affect the parties' rights and, indeed, the defendant acknowledged that the judgment of divorce did not extinguish the plaintiff's ownership interest in the property. Nor was the plaintiff estopped from asserting that interest.

The judgment of divorce stated only that "the parties . . . have no marital property to be disposed of equitably pursuant to Domestic Relations Law 236B (5)." Under the circumstances of this case, that represented a finding, not that the parties had no marital property, but that they were not asking the court to equitably distribute any marital property. Inasmuch as the judgment of divorce did not award exclusive occupancy to the defendant, it does not bar the plaintiff, as a tenant in common, from

seeking to partition the property (*see Freigang v Freigang*, 256 AD2d 539 [1998]; *cf. Ripp v Ripp*, 38 AD2d 65 [1971], *affd* 32 NY2d 755 [1973]). Accordingly, the Supreme Court erred in searching the record on the plaintiff's cross motion and awarding summary judgment to the defendant dismissing the complaint.

On this limited appeal, we do not reach the parties' remaining contentions raised in their respective motion papers regarding, inter alia, the defendant's alleged right to reimbursement for the expenses he incurred in connection with the subject property during the period of his sole occupancy. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.