■ FABRIZIO MANGANIELLO, Appellant, v DONNA LIPMAN, Also Known as DONNA MANGANIELLO, Respondent. [905 NYS2d 153]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 23, 2009, which, insofar as appealed from, as limited by the briefs, granted defendant's cross motion for sum-

mary judgment dismissing the complaint and denied plaintiff's motion for summary judgment on his claims for partition and use and occupancy, unanimously modified, on the law, to the extent that defendant's cross motion is denied as to plaintiff's claim for partition, the claim is reinstated, plaintiff's motion for summary judgment on that claim is granted, the matter remanded for further proceedings to include an accounting, and otherwise affirmed, without costs.

The judgment of divorce does not bar this action for partition of the parties' condominium, which was gifted to the couple during their marriage by defendant's parents. Because the parties did not apprise the matrimonial court that they owned marital property, the judgment and underlying orders do not explicitly address the disposition of the condominium, and there is no basis to infer from the generalized property division language of the pleadings in the divorce action that the condominium was left solely to defendant, particularly since plaintiff's name remains on the deed (see e.g. Ehrgott v Buzerak, 49 AD3d 681, 682-683 [2008]).

Pursuant to both the common law and statute, a party, jointly owning property with another, may as a matter of right, seek physical partition of the property or partition and sale when he or she no longer wishes to jointly use or own the property (Chew v Sheldon, 214 NY 344, 348 [1915]; Chiang v Chang, 137 AD2d 371, 373 [1988]; Ferguson v McLoughlin, 184 AD2d 294, 294 [1992], appeal dismissed 80 NY2d 972 [1992]; Ripp v Ripp, 38 AD2d 65, 68 [1971], affd 32 NY2d 755 [1973]). The right to seek partition, however, is not absolute and may be precluded where the equities so demand (Graffeo v Paciello, 46 AD3d 613, 614 [2007], lv dismissed 10 NY3d 891 [2008]; Ripp at 68), or where partition would result in prejudice (Ferguson at 294; Ranninger v Pevsner, 306 AD2d 20 [2003]; Piccirillo v Friedman, 244 AD2d 469, 469-470 [1997]).

Plaintiff, by demonstrating his ownership, his right to possession of the subject condominium, and that physical partition alone could not be made without great prejudice, established his prima facie entitlement to summary judgment on his claim for partition and sale of the instant property (see RPAPL 901 [1]; Graffeo at 614-615; Donlon v Diamico, 33 AD3d 841, 842 [2006]). Defendant, by merely averring that plaintiff never contributed to the purchase of the premises, that she has solely contributed to the property's maintenance and upkeep since defendant's departure from the same, and that she has continuously occupied the condominium since that time, fails to controvert plaintiff's ownership interest (see Barol v Barol, 95

AD2d 942, 943 [1983]) and fails to establish that the equities favor dismissal of the action (*Ferguson* at 294-295 [equities did not warrant denial of partition action when defense was nothing more than the adverse consequences which would befall defendant if partition was ordered]; *Bufogle v Greek*, 152 AD2d 527, 528 [1989] [that proponent of partition did not contribute to purchase of property or to its carrying costs was not a valid defense to partition action]). Thus, plaintiff's motion for summary judgment is granted and defendant's cross motion for the same relief is denied.

To the extent that defendant contends that since plaintiff's voluntary departure from the premises she has solely contributed to its maintenance and upkeep, she rebuts the presumption that incident to partition, plaintiff is entitled to an equal share of the net proceeds upon sale (*Laney v Siewert*, 26 AD3d 194, 194 [2006]). The parties' equitable share of the net proceeds is not amenable to resolution by summary judgment (*id.*) and instead should be resolved at a hearing before the trial court, where, upon the evidence, the trial court can adjust the equities and distribute the proceeds accordingly (*McVicker v Sarma*, 163 AD2d 721, 722 [1990]). For the foregoing reason, plaintiff is also entitled to an accounting (*Tedesco v Tedesco*, 269 AD2d 660, 661 [2000], *lv dismissed* 95 NY2d 791 [2000]; *Deitz v Deitz*, 245 AD2d 638, 639 [1997]).

Plaintiff failed to demonstrate his ouster from the premises to support his claim for use and occupancy (*see Cohen v Cohen*, 297 AD2d 201 [2002]). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.