■ SUPERIOR OFFICERS COUNCIL HEALTH & WELFARE FUND et al., Appellants, v EMPIRE HEALTHCHOICE ASSURANCE, INC., Doing Business as EMPIRE BLUECROSS BLUESHIELD, Respondent. [927 NYS2d 324]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 8, 2010, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), affirmed, without costs.

Defendant provides prescription benefits management services to plaintiffs pursuant to an "Agreement for Administrative Pharmaceutical Services Only." Under their contract cause

of action, plaintiffs seek to recover rebates from prescription drug manufacturers that defendant received but did not share with or pay over to plaintiffs. Plaintiff claims to be entitled to the rebates under section 4.7 of the agreement, which is set forth in the complaint and provides: "In the event the Group [plaintiffs] adopts a drug formulary and provides notice to Empire [defendant] of its desire to participate in a pharmaceutical rebate arrangement, Empire shall provide the Group with any applicable rebates that Empire may obtain from any third party pharmaceutical vendor that such vendor has received from a pharmaceutical manufacturer. Such rebates would be obtained solely by Members' use of certain formulary drugs. Such rebates shall be remitted by Empire to the Group on a monthly basis along with a report of all rebates. In the event the Group is eligible to participate in the pharmaceutical rebate arrangement and provides notice to Empire of its desire not to participate, and further assigns its rights to the rebates to Empire, then in such event, it shall be entitled to a downward adjustment to its Administrative Fee as determined by Empire." Plaintiffs concede in the complaint that they neither adopted a drug formulary nor provided defendant with the notice required by section 4.7. Because plaintiffs have not met these prerequisites, the complaint fails to state a cause of action for the recovery of rebates under the agreement. As a matter of contract construction, we reject plaintiffs' argument that they were entitled to dispense with the prerequisites because defendant received rebates on the basis of prescription drug utilization by plaintiffs' members. "A fundamental tenet of contract law is that agreements are construed in accordance with the intent of the parties and the best evidence of the parties' intent is what they express in their written contract" (*Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d 173, 176 [2008] [citation omitted]).

The balance of the contract claim is based on section 4.1.1 of the agreement which is also recited in the complaint. Section 4.4.1 required defendant to "[a]dvise and assist the Group in a consulting capacity regarding benefits design and other matters pertaining to administration of the Program." The only alleged breach of section 4.1.1 is said to be defendant's purported failure to " 'advise and assist' the Group in any manner whatsoever with respect to pharmaceutical rebate dollars payable when the SOC Funds' [plaintiffs'] members utilized prescription drugs on EBCBS' [defendant's] formulary, including the need to formally adopt a formulary to be eligible for rebates." A reading of section 4.7, however, discloses that

- a pharmaceutical rebate program existed,

- plaintiffs were required to adopt a drug formulary and notify defendant in order to participate in the program,

- the program would have required defendant to remit to plaintiffs rebates from participating vendors,

- the rebates would have been remitted to plaintiff on a monthly basis, and

- upon notice to defendant, plaintiffs could have received an adjustment of their administrative fee in lieu of rebates for which they were eligible.

Absent fraud or other wrongful conduct, not alleged here, parties are presumed to know the contents of the agreements they have signed (*see Imero Fiorentino Assoc. v Green*, 85 AD2d 419, 420 [1982]). Hence, the agreement itself refutes the complaint's assertion that information regarding the existence of a formulary, the availability of and plaintiffs' right to share in rebates "was solely within the knowledge of EBCBS and was deliberately and/or negligently not shared with the SOC Funds."

Plaintiffs' breach of fiduciary duty claim was properly dismissed because it is not based upon the breach of any fiduciary duty independent of the parties' agreement itself (*see e.g. Morgenroth v Toll Bros., Inc.*, 60 AD3d 596, 597 [2009]). The negligence and conversion claims were also properly dismissed because "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987] [citations omitted]). The unjust enrichment or quasi contract claim was similarly precluded by the existence of a valid agreement governing the subject matter of plaintiffs' claim (*id.* at 388). Plaintiffs also failed to state a claim under General Business Law § 349 because the conduct alleged in the complaint was not consumer-oriented (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). Finally, the claim based on the implied covenant of good faith and fair dealing was redundant since it is intrinsically tied to the damages sought under the contract claim (*see Bostany v Trump Org. LLC*, 73 AD3d 479, 481 [2010]). Concur—Friedman, J.P., DeGrasse and Román, JJ.

Sweeny and Abdus-Salaam, JJ., dissent in a memorandum by Abdus-Salaam, J. as follows: I would modify, on the law, to reinstate the cause of action for breach of contract insofar as it alleges breach of section 4.1.1.

Taking the allegations of the complaint as true and giving plaintiffs the benefit of every possible inference (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]), I conclude that plaintiffs adequately pleaded a breach of contract under section 4.1.1 based on defendant's failure to advise plaintiffs about the advantages of a drug formulary and to advise plaintiffs that defendant was managing a drug formulary and receiving rebates for drugs that were being used by plaintiffs' members. Section 4.1.1 required defendant to advise and assist plaintiffs. Defendant's assertion that it specifically discussed implementing the formulary plan with plaintiffs' administrator and that she flatly rejected the plan is not supported by any documentary evidence or testimony and is disputed by plaintiffs. Such an argument may be a defense to this action, but is not sufficient to demonstrate that plaintiffs do not have a cognizable claim.

The majority concludes that section 4.7 refutes the complaint's assertion that the information about the existence of a formulary and the availability of rebates was deliberately and/or negligently not shared with plaintiffs. I disagree with this reading of section 4.7. That provision provides, in part, that "[i]n the event the Group adopts a drug formulary and provides notice to Empire of its desire to participate [in a rebate arrangement], Empire shall provide the Group with any applicable rebates." Section 4.7 provides the mechanism by which plaintiffs could adopt a formulary and obtain rebates from defendant. It has no bearing on the essence of the allegation that Empire did not advise or consult with plaintiffs regarding the benefits of adopting a drug formulary, or advise plaintiffs that Empire was in fact managing a formulary and receiving rebates that could have been passed on to plaintiffs.

Such advice and consultation services are at the crux of the agreement to "[a]dvise and assist the Group in a consulting capacity regarding benefits design" (§ 4.1.1). This is illustrated by defendant's argument, made in support of its motion to dismiss the complaint, that Empire specifically discussed implementing the formulary plan with plaintiffs' administrator and that she rejected the plan. Defendant's argument also highlights why the majority is incorrect in concluding that the language of section 4.7 (which only sets forth *the procedure* for adopting a formulary and obtaining rebates) negates and refutes plaintiffs' assertion that defendant failed to provide the advice and consultation required by the agreement.