■ ROBERT ROSASCO et al., Respondents, v JOHN CELLA, as Administrator of the Estate of WALTER ROSASCO, Deceased, et al., Appellants, et al., Defendants. [1 NYS3d 71]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about February 20, 2014, which, inter alia, granted plaintiffs' motion for partition and sale of the subject property, and ordered that the proceeds be held in escrow pending final resolution of the proceeding in Surrogate's Court, unanimously affirmed, without costs.

The motion was properly granted as plaintiffs showed their ownership interest in the property at issue, and that it would be prejudicial to physically divide it (see RPAPL 901; *Manganiello v Lipman*, 74 AD3d 667, 668 [1st Dept 2010]). Because the appraisal annexed as an exhibit to the amended verified complaint was prepared on behalf of defendants, by their agent authorized to make such a statement, it was a party admission (see *Georges v American Export Lines*, 77 AD2d 26, 33 [1st Dept 1980]; *Brusca v El Al Israel Airlines*, 75 AD2d 798, 800 [2d Dept 1980]).

Although there is a related proceeding in Surrogate's Court, that proceeding does not involve partition, and the escrowing of the proceeds of the sale avoided any risk of inconsistent judgments. Furthermore, plaintiffs' pursuit of litigation in various fora with regard to their rights to the property at issue did not rise to the level of "immoral" or "unconscionable" conduct that would give rise to a defense of unclean hands (*Columbo v Columbo*, 50 AD3d 617, 619 [2d Dept 2008]). Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.