■ TERRY LANE, Respondent, v LYDELL TYSON, Appellant. [21 NYS3d 35]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered September 30, 2014, which granted plaintiff's motion for summary judgment on his claim for partition and sale of the shares of stock in the subject cooperative apartment, unanimously affirmed, without costs.

Certain legal arguments raised by pro se defendant Lydell Tyson for the first time on appeal are properly before the court, as they are determinative and the record is sufficient to permit appellate review (*Facie Libre Assoc. I, LLC v SecondMarket*

*Holdings, Inc.*, 103 AD3d 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]). We nevertheless reject these arguments on the merits.

No accounting is required prior to partition and sale of the apartment, and defendant's arguments regarding the still-unknown amount of his share of the proceeds from a future sale of the apartment are premature.

Plaintiff is entitled as a matter of law to the partition and sale of the apartment under Real Property Actions and Proceedings Law § 901. The record supports a finding that the parties are tenants in common, and defendant has not raised an issue of fact contesting the assertion that the apartment's value is maximized by remaining undivided, or as to the prejudice to the parties that would result from dividing it.

Defendant may not invoke the notice provision in RPAPL 1304, and is not entitled to a court-supervised settlement conference under CPLR 3408, since the definitions of "home loan" and "lender" under RPAPL 1304 have not been met.

For the purposes of RPAPL 901 (1), plaintiff is in "possession" of the apartment, despite not having lived in it (*Garland v Raunheim*, 29 AD2d 383, 388-389 [1st Dept 1968]).

We reject defendant's argument that plaintiff has unclean hands for failing to provide defendant a copy of the parties' agreement, noting that "[a]bsent fraud or other wrongful conduct . . . parties are presumed to know the contents of the agreements they have signed" (*Superior Officers Council Health & Welfare Fund v Empire HealthChoice Assur., Inc.*, 85 AD3d 680, 682 [1st Dept 2011], *affd* 17 NY3d 930 [2011]). While the pro se defendant purports to make allegations of "constructive fraud," these arguments are, in fact, allegations of a purported breach of fiduciary duty. In any event, we reject these allegations as having no basis, and find them insufficient to undermine the presumption that defendant is familiar with the contents of the agreement he signed.

Defendant also contends that the parties' agreement was modified when plaintiff failed to respond to his letter requesting a temporary stoppage of defendant's obligation to make payments. This argument lacks merit because paragraph 13 of the agreement expressly provides that the agreement could only be amended in a writing signed by the party against whose interest the amendment was sought to be enforced. There is no indication, or even allegation, that such a writing, signed by plaintiff, was ever made.

Defendant has established only an arm's length transaction,

without special circumstances which might give rise to a fiduciary relationship (*V. Ponte & Sons v American Fibers Intl.*, 222 AD2d 271 [1st Dept 1995]).

Defendant's allegations that the court pre-judged this case are wholly unsupported by the record.

We have considered the parties' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.