Hitech Homes, LLC v Burke (2018 NY Slip Op 01572)





Hitech Homes, LLC v Burke


2018 NY Slip Op 01572


Decided on March 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2018

Friedman, J.P., Andrias, Singh, Moulton, JJ.


5961 160469/15

[*1]Hitech Homes, LLC, Plaintiff-Respondent,
v
Tanya J. Burke, et al., Defendants-Appellants.


Zara Watkins, New York, for appellants.
Altschul & Altschul, New York (Mark M. Altschul of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about July 12, 2016, which granted plaintiff's motion for summary judgment seeking judicial sale and partition of the subject premises, deemed an appeal from the judgment, same court and Justice, entered December 19, 2016, implementing the order, and so considered, said judgment unanimously affirmed, without costs.
The motion court correctly concluded, as a matter of law, that physical partition of the one-family dwelling co-owned by the parties — which has either four stories or three stories plus a basement, is approximately 17 feet wide and 50 feet long, is on a lot that is approximately 25 feet wide and 100 feet long, and has only one source for water and sewer service — could not be made without great prejudice to the owners (see Ferguson v McLoughlin, 184 AD2d 294, 295 [1st Dept 1992], appeal dismissed 80 NY2d 972 [1992]).
It is true that "the remedy [of partition] has always been subject to the equities between the parties" (Ripp v Ripp, 38 AD2d 65, 68 [2d Dept 1971], affd 32 NY2d 755 [1973]). However, the IAS court properly found that defendants failed to raise a triable issue. The fact that plaintiff has failed to pay its share of the real estate taxes on the property "fails to establish that the equities favor dismissal of the action" (Manganiello v Lipman, 74 AD3d 667, 669 [1st Dept 2010]). Defendants' "desire ... to keep the premises in the family" is also "an insufficient basis to deny partition and sale" (Crestwood Capital Group Corp. v Schuermann, 2010 NY Slip Op 32787[U], *12 [Sup Ct, NY County 2010]). Unlike Arata v Behling (57 AD3d 925 [2d Dept 2008]), this is not a case where the defendant raised an issue of fact as to whether the plaintiff was even entitled to seek partition and sale because the deed by which he obtained his interest in the property may have been invalid.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 13, 2018
CLERK