Kosovsky v Kosovsky (2020 NY Slip Op 05681)





Kosovsky v Kosovsky


2020 NY Slip Op 05681


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 154893/2019 Appeal No. 12051 Case No. 2020-01956 

[*1]Gertrude Kosovsky, Plaintiff-Appellant,
v
Karen Kosovsky, Defendant-Respondent.


Romer Debbas, LLP, New York (Steven Kirkpatrick of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Ferrara, Formato Wolf & Carone, LLP, Brooklyn (Andrea J. Caruso of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 11, 2020, which, to the extent appealed, denied plaintiff's motion for summary judgment on her cause of action for partition by sale of a residential apartment, unanimously reversed, on the law, and the matter remanded for further proceedings to include an accounting.
Plaintiff, the 96 year old mother of defendant, commenced this action seeking partition and sale of a cooperative apartment. The complaint alleges that plaintiff and her husband, defendant's father, purchased the apartment together with defendant in 2001, and upon her husband's death in January 2015, plaintiff became the owner of a 50% interest in the apartment, as tenant in common with defendant, who held the other 50% interest, but that defendant, who resides there with her daughter, forcibly excluded her from the apartment. Defendant answered, alleging that the prior to the 2001 purchase, she and her parents orally agreed that defendant would have exclusive possession of the apartment, that her parents' interest in the apartment was in name only, that she and her parents would split the apartment's carrying costs, and that they would not sell or partition the apartment without defendant's approval.
Plaintiff, by demonstrating her ownership, her right to possession of the subject apartment, and that partition could be made without great prejudice, established her prima facie entitlement to summary judgment on her claim for partition and sale of the apartment (see Real Property Actions and Proceedings Law (RPAPL) § 901; Manganiello v Lipman, 74 AD3d 667, 668 [1st Dept 2010]). Defendant failed to controvert plaintiff's ownership interest in the apartment. Defendant's contention that the subject apartment is her current residence does not constitute prejudice (see Manganiello, 74 AD3d at 669). We agree with Supreme Court that other than her affidavit, defendant has not submitted any evidence of an oral agreement to waive partition. Defendant cannot avoid summary judgment based on speculation that further discovery may uncover something to corroborate her claim (see W&W Glass Systems Inc. v Admiral Insurance Co., 91 AD3d 530 [1st Dept 2012]).
On this record, the equities dictate that an accounting should be held after the partition and sale of the apartment (see Lane v Tyson, 133 AD3d 530 [1st Dept 2015]; c.f. Sampson v Delaney, 34 AD3d 349 [1st Dept 2006]; Ranninger v Pevsner, 306 AD2d 20 [1st Dept 2003]). To the extent that both parties have asserted claims for an accounting, the parties' equitable share of the net proceeds should be resolved at a
hearing before the trial court, where upon the evidence, the trial court can adjust the equities and distribute the proceeds accordingly (see Manganiello, 74 AD3d at 668-669). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020