First Majestic Silver Corp. v Heitz (2022 NY Slip Op 05371)

First Majestic Silver Corp. v Heitz

2022 NY Slip Op 05371

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Index No. 158792/18 Appeal No. 16294 Case No. 2022-02147 

[*1]First Majestic Silver Corp., Plaintiff-Respondent,
v
Juan Manuel Davila Heitz et al., Defendants-Appellants.

Borg Law LLP, New York (Jonathan M. Borg of counsel), for appellants.
Bronster LLP, New York (Don Abraham of counsel), for respondent.

Order, Supreme Court, New York County (Francis Kahn, III, J.), entered on or about November 15, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the part of the second cause of action seeking an accounting, unanimously affirmed, without costs.
The motion court properly denied the portion of defendants' motion seeking dismissal of plaintiff's claim for an accounting of the rents and profits for defendants' use of the condominium. Defendants are correct that "a tenant in common has the right to take and occupy the whole of the premises and preserve them from waste or injury . . . so long as he [] does not . . . exclude the other cotenants from the exercise of similar rights" (Jemzura v Jemzura, 36 NY2d 496, 503 [1975]). Otherwise, "a tenant-in-common is liable for rent to his cotenant if he occupies the property to the exclusion of that cotenant" (H & Y Realty Co. v Baron, 160 AD2d 412, 414 [1st Dept 1990]).
Although defendants maintain that plaintiff failed to plead its exclusion from the condominium unit owned by the parties as joint tenants in order to be entitled to rents or other amounts from defendants, the complaint adequately alleges that defendant Juan Manuel Davila Heitz is the sole occupant of the condominium unit. At a minimum, the sole occupancy allegation creates a question of fact as to whether defendants excluded plaintiff from the unit, which precludes dismissal of the claim at the pleading stage. If it is determined that plaintiff was excluded, an accounting will be necessary to determine whether defendant will be liable for any amounts to plaintiff. As the motion court noted, defendants, too, seek an accounting for contribution from plaintiff for amounts attributable to its proportional interest in the condominium unit.
Accordingly, as the motion court determined, an accounting is a "necessary incident" of a claim for partition, and the equities demand an accounting in the event plaintiff prevails on the cause of action for partition (Deitz v Deitz, 245 AD2d 638, 639 [3d Dept 1997]). Although plaintiff will have the burden to "demonstrate [its] ouster from the premises to support [its] claim for use and occupancy" (Manganiello v Lipman, 74 AD3d 667, 669 [1st Dept 2010]), such a determination is for the fact finder and cannot be resolved summarily (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022