Board of Mgrs. of the Lenox Ct. Condominium v Kurtin (2024 NY Slip Op 06006)

Board of Mgrs. of the Lenox Ct. Condominium v Kurtin

2024 NY Slip Op 06006

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 157512/23 Appeal No. 3148 Case No. 2024-01939 

[*1]Board of Managers of the Lenox Court Condominium, Plaintiff-Respondent,
v
Owen D. Kurtin, Defendant-Appellant, Isabelle S. Hosseau, et al., Defendants.

Owen D. Kurtin, New York, appellant pro se.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered February 27, 2024, which, insofar as appealed from as limited by the briefs, denied defendant Owen D. Kurtin's motion to dismiss on the ground that plaintiff did not give 90-day notice in compliance with RPAPL 1304, unanimously affirmed, with costs.
Plaintiff was not required to serve a 90-day notice upon defendant Kurtin pursuant to RPAPL 1304 as a precondition of bringing this Real Property Law § 339-aa action to foreclose upon a condominium common charge lien placed on Kurtin's apartment. Real Property Law § 339-aa permits condominium boards to foreclose on common charge liens "in like manner as a mortgage of real property." In Board of Mgrs. of Parkchester N. Condominium v Alaska Seaboard Partners Ltd. Partnership (37 AD3d 332 [1st Dept 2007]), this Court held that RPAPL art 13, and specifically RPAPL 1311 concerning necessary defendants in a mortgage foreclosure action, applied to lien foreclosure actions pursuant to Real Property Law § 339-aa. However, in contrast to RPAPL 1311, which applies to all mortgage foreclosure actions, RPAPL 1304, which requires notice of at least 90 days prior to commencing a legal action by "an assignee or a mortgage loan servicer" "against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure," only applies to legal actions regarding "a home loan" (RPAPL 1304[1]). The statute defines a "home loan," as among other things, "a loan . . . in which . . . (ii) [t]he debt is incurred by the borrower for personal, family, or household purposes, and (iii) [t]he loan is secured by a mortgage . . . ." (RPAPL 1304[6][a][1][ii],[iii]). Courts have held that notice pursuant to RPAPL 1304 is not required as a condition precedent to a mortgage foreclosure action that does not concern a "home loan" as defined under that statute (see e.g. Lane v Tyson, 133 AD3d 530, 531 [1st Dept 2015], lv dismissed 27 NY3d 1033 [2016]; see also U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122 [2d Dept 2024]).
Here, the Board has not brought a foreclosure action "with regard to a home loan" within the meaning of RPAPL 1304 but, instead, has sought to foreclose upon a common charge lien. Thus, the Board did not need to give Kurtin a RPAPL 1304 90-day notice to commence this action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024