| Berlin v Jakobson |
|:---:|
| 2025 NY Slip Op 32739(U) |
| August 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152263/2015 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DEBRA A. JAMES**                    PART    59

*Justice*

------------------------------------------------------------------------------X

DOUGLAS BERLIN, suing in the rights of WAVERLY
PROPERTIES, LLC,

|  |  |
|---|---|
| **INDEX NO.** | 152263/2015 |
| **MOTION DATE** | 06/22/2020 |
| **MOTION SEQ. NO.** | 006 |

Plaintiff,

- v -

THOMAS JAKOBSON, PETER JAKOBSON, JAKOBSON
PROPERTIES, LLC, JAKPAY, LLC,  and ELEVEN
WAVERLY ASSOCIATES, LLC,

**DECISION + ORDER ON
MOTION**

Defendants.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)     .

ORDER

Upon the foregoing documents, it is

ORDERED that the cross motion of the plaintiff Douglas Berlin

for summary judgment on the second cause of action for breach of

fiduciary duty against defendants Thomas Jacobson and Peter

Jacobson and for summary judgment on the fourth cause of action

for unjust enrichment against defendants Jakobson Properties, LLC,

Jakpay, LLC, and Eleven Waverly Associates, LLC, is denied; and it

is further

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**                    **Page 1 of 7**
**Motion No.  006**

1 of 7

ORDERED that the motion of the defendants for summary judgment dismissal of the complaint and for summary judgment on the counterclaim for judicial dissolution is granted; and it is further

ORDERED that the second, fourth and fifth causes of action of the complaint are dismissed with costs and disbursements to defendants as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED, ADJUDGED and DECLARED that the counterclaim for judicial dissolution is granted and Waverly Properties, LLC, is dissolved pursuant to Limited Liability Company Law § 702 (see Mizrahi v Cohen, 104 AD3d 917, 920 [2d Dept 2013]); and it is further

ORDERED that plaintiff Douglas H. Berlin and defendants Thomas Jakobson and Peter Jakobson, Jr., shall cause Articles of Dissolution to be filed within ninety (90) days of the dissolution and commencement of the winding up of Waverly Properties, LLC; and it is further

ORDERED that plaintiff and defendants shall provide a full accounting and report on the business of Waverly Properties, LLC, within thirty (30) days of service of a copy of this Order; and it is further

ORDERED that _____ , of _____ telephone number _____: is appointed liquidating trustee, in accordance with Article XI, 11.1(c) of the Operating Agreement during the period of winding up the affairs of Waverly Properties, LLC, with the usual powers and duties enjoyed and exercised by liquidating trustees according to the practice of

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**          **Page 2 of 7**
  **Motion No.  006**

2 of 7

[* 2]

this Court, and of the statutes in such case made and provided; and it is further

ORDERED, that such liquidating trustee shall determine all of the debts, liabilities and expenses associated with the business of Waverly Properties LLC, and shall pay such debts and liabilities as they come due; and it is further

ORDERED, that such liquidating trustee, or any party to this action, at any time and upon proper notice to all parties to the action and the liquidating trustee, may apply to this Court for further or additional instructions and powers whenever such instructions are additional powers shall be deemed necessary in order to enable such liquidating trustee to perform properly and legally the duties of his office or for modification of any of the terms of this order, and it is further

ORDERED, that any attorney's fees to be paid by such liquidating trustee shall not be paid without prior approval of the Court and proper notice to all parties, and it is further

ORDERED, that no fee shall be paid to such liquidating trustee until such liquidating trustee has filed and completed in full reports required by 22 NYCRR Part 36, whereupon the Court shall award the liquidating trustee compensation based upon statute and the fair and reasonable value of the services rendered in this action, and it is further

ORDERED, that before entering upon the duties of this trust, such liquidating trustee make, execute and deliver and cause to be filed with the Clerk of this County a bond to the People of the State of New York, in the sum of $250,000, with a fidelity or surety company, as surety, authorized by the laws of the State of New York to transact business, conditioned on the faithful performance of his duties as such liquidating trustee,

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**
**Motion No. 006**

**Page 3 of 7**

3 of 7

[* 3]

and also execute and file an Oath that he will faithfully and fairly discharge the trust committed to him, and it is further

ORDERED, that the liquidating trustee shall keep written accounts, itemizing receipts, and authorized expenditures, which accounts shall be open for inspection by the parties to this action, and it is further

ORDERED, that the liquidating trustee, by accepting this appointment, certifies that he has complied with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including but not limited to sections 36.2 (c) ("Disqualifications from appointment") and 36.2 (d) ("Limitations on appointments based upon compensation").

### DECISION

Defendants Thomas Jakobson, Peter Jakobson, Jakobson Properties, LLC, Jakpay, LLC, and Eleven Waverly Associates move to dismiss the remaining claims of the complaint, which are;

(1) Second cause of action on behalf of Waverly Properties, LLC, (derivative) as against defendants Thomas Jacobson and Peter Jacobson for breach of contractual and fiduciary duty;

(2) Fourth cause of action on behalf of Waverly Properties (derivative) for unjust enrichment as against defendants Thomas Jakobson, Peter Jakobson (collectively, the "Jakobsons"), Jacobson Properties, Jakpay, and Eleven Waverly Associates ("Waverly").

(3) Fifth cause of action for an accounting against defendants Jakobsons.

With respect to plaintiff's fourth cause of action for breach of contract brought derivatively on behalf of Waverly Properties, LLC, defendants have prima facie established that they did not breach the Operating Agreement dated February 24,

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**                    **Page 4 of 7**
**Motion No.  006**

4 of 7

1997, as such agreement explicitly permitted derivative plaintiff Waverly Properties, LLC, to hire the defendant Jakobson Entities to perform services, under § 2.4(v) of such agreement (NYSCEF Document Number 162). Such provision states, in pertinent part:

> In furtherance of its purposes, but subject to all other provisions of this Agreement, Waverly Properties, LLC (the Company) is hereby authorized
> * * *
> v) To employ a **Management Agent**, including an Affiliated Person, to manage the Company's property, and to pay reasonable compensation for such services (bold supplied);

Plaintiff does not raise an issue of fact with respect to any violation by defendants of such contract provision. This court also agrees with defendants that as required by the Operating Agreement, there was unanimous consent among the individual parties, who are managers of Waverly Properties, LLC, to pay "reasonable" compensation to the Jakobson Entities for such services, when, over a seventeen year period, plaintiff ratified payment of management fees to the Jakobson Affiliate, having received notice of such payments and assenting to same. Vendor Ledger dated March 26, 2014, NYSCEF Doc No 166, and Transcript of Berlin Deposition, 157:21-25 and 158:2-24, NYSCEF Doc No 161. See Rosen Tr v Rosen, 53 AD2d 342, 352 (4th Dep 1975), aff'd sub nom Rosen's Tr v Rosen, 43 NY2d 693 (1977). Therefore, plaintiff's second cause of action for breach of contract and breach of

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**                **Page 5 of 7**
 **Motion No.  006**

5 of 7

[* 5]

fiduciary duty, the latter of which is duplicative of the contractual breach, must be dismissed. See Superior Officers Council Health & Welfare Fund v Empire HealthChoice Assurance, Inc., 85 AD3d 680, 682 (1st Dept 2011).

The fourth cause of action for unjust enrichment asserted derivatively, on behalf of Waverly Properties, fails as covered by the same subject matter as the second cause of action for breach of the Operating Agreement dated February 24, 1997 (NYSCEF Doc No 162). See Sebastian Holdings, Inc. v Deutsche Bank, AG, 108 AD3d 433, 434 (1st Dept 2013).

Finally, the fifth cause of action for an accounting must be dismissed as there is no remaining predicate cause of action for any damages upon which to account. Moreover, as argued by defendants, plaintiff does not allege that any demand he made for an accounting was ever rejected (see Harounian v Harounian, 198 AD3d 734, 737 [2nd Dept 2021]). In fact, the evidence in the record before this court establishes that plaintiff admitted that he is already in possession of the books and records of Waverly Properties, LLC. Transcript of Berlin Deposition, supra.

Plaintiff does not oppose defendants' counterclaim for dissolution of Waverly Properties, LLC, pursuant to New York Limited Liability Company Law § 702. The parties agree that the properties managed by Waverly Properties were sold by 2014, and that Waverly Properties has not done any business since then. With

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**
  **Motion No.  006**

**Page 6 of 7**

6 of 7

[* 6]

respect to the dissolution, the parties only disagreement is with respect to the allocation of expenses among them for the reimbursement of a management fee that Waverly Properties LLC overcharged one of the sold properties. The parties shall, after consultation among themselves, submit to the court a joint or several list of the names, addresses and telephone numbers of fiduciaries from which the court may choose a liquidating trustee, as described in the Operating Agreement.

20250811184932DJAMES8951AEC2FCD74F7991BE7BA6E87CA233

| 8/11/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | X | FIDUCIARY APPOINTMENT | REFERENCE |

**152263/2015   BERLIN, DOUGLAS vs. JAKOBSON, THOMAS**
**Motion No.  006**

**Page 7 of 7**

7 of 7