Matter of Abrams v Abrams (2026 NY Slip Op 01591)

Matter of Abrams v Abrams

2026 NY Slip Op 01591

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 658845/21|Appeal No. 6143|Case No. 2024-05770|

[*1]In the Matter of Marcus Abrams, et al., Petitioners-Respondents,
vRussell Abrams, et al., Respondents-Appellants. Sepia Realty LLC, Nonparty-Appellant.

Barton Sobel, Great Neck, for Russel Abrams, Sandra Abrams and West 70th Owners Corp., appellants.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 9, 2024, which granted petitioners' motion to hold respondents-appellants (appellants) in contempt of prior court orders, and denied appellants' motion to modify the prior order and for damages under CPLR 6312(b), unanimously affirmed, with costs.
On January 14, 2022, in connection with an arbitration commenced by petitioners against appellants, Supreme Court issued an order imposing various restraints on property owned by appellants at 45 West 70th Street in Manhattan. Under the terms of the order, appellants were permitted to sell the West 70th Street property during the arbitration, provided they gave petitioners seven days notice of a sale and, upon closing, placed approximately $1.5 in escrow to secure any award rendered in the arbitration. The court later modified the order by providing that if, during the arbitration, the property was encumbered with mortgages or liens that would impair its value over a certain cap, the enjoined parties were to provide 30 days' notice of the pending transaction and place up to $2.14 million in escrow to satisfy an arbitral award.
Supreme Court correctly denied appellants' motion to remove the restraints and escrow requirements imposed on the property in connection with securing an arbitration award, as the restraints and escrow requirements were warranted under the circumstances presented here (see Rosasco v Cella, 124 AD3d 447, 448 [1st Dept 2015]; Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 12 [1st Dept 2009]). Although defendant Russell Abrams turned over to petitioners his 1% interest in nonparty appellant Sepi Realty, LLC, purportedly to secure the amount he owed in accordance with the judgment on the arbitration award, Sepi Realty is 99% owned by appellant Sandra Abrams, who is not subject to the arbitration judgment. The record also presents an issue as to whether the transfer of the property to Sepi Realty, effected in contempt of a prior court order, was done to dilute Russell's assets. In the orders at issue, the court did not make a final ruling requiring the disbursing of any such escrowed funds or a final determination that such escrowed money may properly be turned over to petitioners. Rather, the court's orders merely secure the proceeds of the sale of the property in the event petitioners can make an evidentiary showing that would entitle them to the release of the funds. Further, the restraints do not impose an unreasonable interference with the property.
Insofar as Supreme Court implicitly denied appellants' motion for damages under CPLR 6312(b), the motion was properly denied, to the extent reviewable on the record here. CPLR 6312(b) provides that "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction." Appellants have not made any of the showings necessary for relief under this provision.
To the extent appellants appeal from Supreme Court's granting of the motion to hold them in contempt of prior orders, their arguments are meritless. The record makes clear that appellants failed to comply with the court's directives ordering them to provide notice of a pending transaction to sell the property.
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026